469 So.2d 128 (1985)
Isaac WEEMS, Petitioner,
v.
STATE of Florida, Respondent.
No. 65593.
Supreme Court of Florida.
May 9, 1985.
*129 James Marion Moorman, Public Defender and Deborah K. Brueckheimer, Asst. Public Defender, Tenth Judicial Circuit, Clearwater, for petitioner.
Jim Smith, Atty. Gen., and James H. Dysart, Asst. Atty. Gen., Tampa, for respondent.
ALDERMAN, Justice.
We review the decision of the District Court of Appeal, Second District, in Weems v. State, 451 So.2d 1027 (Fla. 2d DCA 1984), which expressly and directly conflicts with the Fourth District's decision in Harvey v. State, 450 So.2d 926 (Fla. 4th DCA 1984).
This is a sentencing guidelines case. The issue before us is whether Weems' extensive juvenile record, which could not be considered in calculating the applicable sentencing range because the juvenile dispositions were over three years old, could be considered by the trial court as a reason for departing from the sentencing guidelines. The district court held that his juvenile record could be considered as a basis for departing from the guidelines. We agree and approve the decision of the Second District.
Weems pled guilty to burglary of a structure, battery on a law enforcement officer, and resisting arrest without violence. The crimes were committed on September 3, 1983, but sentencing occurred after the effective date of the statewide sentencing guidelines. Weems, pursuant to section 921.001(4)(a), Florida Statutes (1983), chose to be sentenced under the guidelines. The recommended sentence under the guidelines was "any nonstate prison sanction." The trial court, however, departed from the guidelines and gave as its reason for departure that had Weems been scored under burglary, he would fall into the twelve-to-thirty month guidelines range, that Weems has been to state prison twice before for burglary, that this is his eleventh burglary although "we can only `count' two," and that it is apparent that Weems cannot make it on probation since he violated his last probation and his last parole. The trial court attached to the guidelines form a record of Weems' prior offenses, including thirteen juvenile dispositions that were the equivalent of convictions had he been an adult when they were committed. The court imposed concurrent two-year sentences for the two felonies and a concurrent six-month sentence for resisting arrest without violence.
Weems appealed to the Second District and contended that the court erred in relying upon his juvenile record as a basis for departing from the guidelines. The Second District disagreed with Weems' assertion and affirmed. It concluded that the reasons stated by the trial court constituted an adequate basis for sentencing Weems above the recommended range and held that just because this juvenile record could not be used in calculating the applicable sentencing range, does not mean that it cannot be considered as a reason for departing from the guidelines.
Weems relies on Harvey v. State to support his argument that the previous juvenile dispositions cannot be considered as a valid reason for departing from the *130 guidelines. He contends that Harvey holds that past criminal conduct which cannot be considered in computing the score sheet cannot be relied upon as justification for departure from the guidelines. To the extent that the Fourth District's overbroad language in Harvey appears to hold that a trial judge cannot consider convictions which are not scored in the guidelines because those convictions are remote in time, we disagree. To the extent, however, that Harvey holds that a judge cannot aggravate on the basis of prior arrests when there has been no finding of guilt, we agree.
It is true that Florida Rule of Criminal Procedure 3.701(d)(5)(c) does exclude juvenile dispositions over three years old from the initial computation, but no part of the rule or the guidelines statute exclude such matters from being considered by the trial court as reasons for departing from the guidelines. Appellate review of the trial court's expressed reasons for departure provides a check against the trial court's abuse of discretion in departing from the guidelines.
The fact that Weems had a multitude of juvenile dispositions for previous burglaries was certainly material to the sentencing process and may be considered by the trial court in deciding on an appropriate sentence under the circumstances. The district court correctly concluded that the trial court did not abuse its discretion in departing from the guidelines in this case.
Accordingly, we approve the decision of the District Court of Appeal, Second District. We disapprove Harvey to the extent that it is inconsistent with our present decision.
It is so ordered.
ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
BOYD, C.J., dissents with an opinion.
BOYD, Chief Justice, dissenting.
I would agree as a general proposition that a sentencing judge may rely on information excluded from the guidelines in deciding to depart from the recommended sentence reached by application of the guidelines, except that under the facts of this case the excluded matter is inadmissible for any purpose by virtue of a statute entirely separate from the sentencing guidelines law.
Florida Rule of Criminal Procedure 3.701 d.5.(c) provides for consideration of an offender's "prior record" in sentencing and defines "prior record" in part by reference to "juvenile record" as follows:
All prior juvenile dispositions which are the equivalent of convictions as defined in section (d)(2), occurring within three (3) years of the commission of the instant offense and which would have been criminal if committed by an adult, shall be included in prior record.[*]
This provision authorizes consideration of juvenile delinquency adjudications as part of an offender's prior record for sentencing purposes provided the adjudications in question are no more than three years old at the time of the offense for which the defendant is being sentenced. Such dispositions occurring more than three years previously are clearly excluded from the definition of prior record under the guidelines.
In the present case the sentencing judge considered the older juvenile delinquency adjudications as a reason to depart from the guidelines-recommended sentence on the ground that the total exclusion of the older dispositions led to a sentencing recommendation which the judge found inappropriate because it did not accurately reflect the character of the offender. As a general proposition I would agree that in sentencing a judge may rely on matter excluded from the guidelines in deciding to depart from the guidelines. However, because the material in question is excluded *131 from consideration by another statute, I conclude that rule 3.701 d.5.(c) must be given a limited construction authorizing consideration of juvenile delinquency adjudications only to the extent specifically allowed.
Section 39.12(6), Florida Statutes (1983), in part II of chapter 39, the Florida Juvenile Justice Act, provides in pertinent part: "No court record of proceedings under this chapter shall be admissible in evidence in any other civil or criminal proceeding... ." This provision clearly appears to exclude records of juvenile delinquency adjudications from any kind of consideration in any subsequent proceeding.
The sentencing guidelines found in criminal procedure rule 3.701 as adopted and amended by this Court have also been adopted by the legislature and thus given effect as substantive law. Ch. 84-328, § 1, Laws of Fla. To the extent that there is conflict between two enactments of the legislature, the one adopted later in time should prevail. Thus it appears that rule 3.701 d.5.(c), having been adopted by the legislature in chapter 84-328, has superseded and impliedly repealed section 39.12(6) to the extent of the inconsistency between them. Because of this repeal, prior juvenile delinquency adjudications may be considered in sentencing but only to the extent specifically authorized by rule 3.701 d.5.(c). Therefore dispositions more than three years old may not be considered in sentencing, either as part of the guidelines or outside the guidelines. I therefore dissent.
NOTES
[*] As presently written, rule 3.701 reflects amendments adopted May 8, 1984. The prior version measured the three years from "the current conviction." The Florida Bar: Amendment to Rules of Criminal Procedure, 451 So.2d 824, 826 (Fla. 1984).