477 So.2d 1091 (1985)
Alphonse McBride, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1169.
District Court of Appeal of Florida, Fourth District.
November 6, 1985.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gregory C. Smith, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
From a conviction of robbery without a firearm, or other deadly weapon, appellant seeks reversal of the trial court's imposition of an aggravated sentence of fifteen years in prison.
Appellant, an admitted transvestite, was engaged in prostitution when the crime involved here was committed. He had a history of convictions for carrying a concealed firearm, robbery, and petit theft. The trial judge elected to depart from the guidelines sentence of thirty months to three and one-half years' imprisonment and sentenced appellant to fifteen years because of appellant's prior convictions, the fact that he lied at trial, and the judge's belief he would repeat his pattern of unlawful conduct.
The sole point on appeal is whether the trial court erred in departing from the sentencing guidelines and in imposing the maximum sentence allowed by law.
A sentencing court may not use prior convictions as a ground for deviation from the guidelines. Hendrix v. State, 475 So.2d 1218 (Fla. 1985); Bowdoin v. State, 464 So.2d 596 (Fla. 4th DCA 1985); Callaghan v. State, 462 So.2d 832 (Fla. 4th DCA 1984). The trial judge's belief that the defendant lied in his defense at trial is also not an accepted ground for deviation. Kossow v. State, 468 So.2d 1104 (Fla. 2d DCA 1985). Further, we held in Davis v. State, 458 So.2d 42 (Fla. 4th DCA 1985), that the possibility of defendant's committing further crimes does not constitute a valid ground for departing from the guidelines. See also Lindsey v. State, 453 So.2d 485 (Fla. 2d DCA 1984).
Next, we treat the extent of the deviation from the guideline sentence. As stated above, the guideline sentence was thirty months to three and one-half years. So the sentence imposed exceeds the guideline sentence by five times. We learned from Albritton v. State, 476 So.2d 158 *1092 (Fla. 1985), that the maximum statutory punishment allowed by law is not the only lawful limitation on the extent of departure from a guidelines sentence. The standard of review is whether the trial judge abused his discretion in the extent of the deviation. In making that determination the reviewing court should look at the indicated guidelines sentence, the extent of the departure, the reasons given therefor, and the record, and upon that inquiry assess the reasonableness of the court's exercise of its discretion. Id. Following that rubric, we hold the trial judge abused his discretion in exceeding the guidelines sentence by five times.
Thus, we must reverse the sentence and remand the cause to the trial court for resentencing. If, on resentencing, the trial judge departs from the guidelines, his grounds must be put in writing. State v. Jackson, 478 So.2d 1054 (Fla. 1985); Boynton v. State, 473 So.2d 703 (Fla. 4th DCA 1985).
HERSEY, C.J., and BARKETT, J., concur.