483 So.2d 404 (1985)
Charles BURKE, Jr., Petitioner,
v.
STATE of Florida, Respondent.
No. 66091.
Supreme Court of Florida.
December 5, 1985.
Rehearing Denied March 12, 1986.
James B. Gibson, Public Defender and Lucinda H. Young, Asst. Public Defender, *405 Seventh Judicial Circuit, Daytona Beach, for petitioner.
Jim Smith, Atty. Gen., and Sean Daly, Asst. Atty. Gen., Daytona Beach, for respondent.
ADKINS, Justice.
We have for review Burke v. State, 456 So.2d 1245 (Fla. 5th DCA 1984), which is certified to us as being in conflict with Harvey v. State, 450 So.2d 926 (Fla. 4th DCA 1984). We have jurisdiction under article V, section 3(b)(4), Florida Constitution, and quash the decision of the district court.
We have before us a sentencing guideline case in which the trial court departed from the guidelines without providing a written statement delineating the reasons for the departure. Instead, the trial court dictated its reasons for departure into the record.
In State v. Jackson, 478 So.2d 1054 (Fla. 1985), we held that a departure sentence must be accompanied by a written statement delineating the reasons for departure. (Emphasis supplied.) See Fla.R. Crim.Pro. 3.701(d)(11); Hendrix v. State, 475 So.2d 1218 (Fla. 1985). Therefore, the dictation of reasons for departure into the record does not meet the explicit requirements of Florida Rule of Criminal Procedure 3.701(d)(11).
The trial court's reasons for departure are unclear due to the fact that they were verbally articulated. We will assume, as did the Fifth District Court of Appeal, that the trial court deviated from the guidelines on the basis of Burke's prior juvenile record, part of which includes dispositions which are more than three years old.
Burke argues that the trial court is precluded from departing from the guidelines on the basis of juvenile dispositions which are more than three years old because such juvenile dispositions cannot be used in the initial computation of the recommended sentence. Fla.R.Crim.P. 3.701(d)(5)(c).
We have previously addressed this issue in Weems v. State, 469 So.2d 128 (Fla. 1985). In Weems, we held that juvenile dispositions that are the equivalent of convictions had the defendant been an adult when they were committed, may support a deviation from the guidelines despite the fact that the act occurred more than three years ago. We further held that a judge cannot deviate from the guidelines on the basis of prior arrests when there has been no finding of guilt. Id. at 130.
Accordingly, we quash the decision of the district court and direct the district court to remand to the trial court for sentencing consistent with our decision.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.