PER CURIAM.
We affirm appellant’s conviction but reverse his sentence.
The trial court did not provide written reasons for departing from a presump *517 tive sentence but rather relied upon an oral pronouncement. This was error necessitating a remand so that the deficiency may be remedied. Burke v. State, 483 So.2d 404 (Fla.1985), and State v. Boynton, 478 So.2d 351 (Fla.1985).
Moreover, some of the reasons stated for departure were insufficient.
The trial court’s belief that appellant lied under oath is an invalid reason. McBride v. State, 477 So.2d 1091 (Fla. 4th DCA 1985). Lack of remorse is not a clear and convincing reason for departure. Davis v. State, 458 So.2d 42 (Fla. 4th DCA 1984), and Mischler v. State, 458 So.2d 37 (Fla. 4th DCA 1984).
Thus, we reverse the sentence and remand for reconsideration of the sentence according to Albritton v. State 476 So.2d 158 (Fla.1985), and so that the trial court may appropriately supply the written reasons for departure.
We approve the statutory fine upon authority of Snow v. State, 448 So.2d 1246 (Fla. 5th DCA 1984).
Reversed and remanded for resentencing in accordance herewith.
DOWNEY and WALDEN, JJ., and WES-SEL, JOHN D., Associate Judge, concur.