COWART, Judge,
concurring specially:
I must concur because of the authority of Weems v. State, 469 So.2d 128 (Fla.1985). The sentencing guidelines expressly exclude consideration of a juvenile record over three years old (Fla.R.Crim.P. 3.701(d)(5)(c)). The only two possible reasons for this exclusion are (1) the public policy consideration of shielding citizens from the consequences of wrongful acts committed while a juvenile and immature (see the dissent of Justice Boyd in Weems), and (2) such records were considered, by those approving the guidelines, to have too little relevancy, materiality, or probative value to even be weighed and considered as a sentencing factor to be scored. If it is good public policy that juvenile records should not be used to later penalize or disadvantage the citizen, why should such records be permitted to authorize a departure sentence? If remote juvenile records are not worthy of scoring for guideline sentencing purposes, how can those uns-cored records be considered so strongly relevant, material and probative to the sentencing disposition that they can be relied on to completely override the combined effect of all other, scored, sentencing factors which justify and direct the recommended guideline sentence? Remote juvenile records should either be scored as a relevant guideline factor[1] or they should not justify a departure sentence.

. Perhaps juvenile records three years and older could be scored at 40%, 50%, 60%, or some other percentage of the full value given more current records.