502 So.2d 3 (1986)
Karen EVRARD, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1877.
District Court of Appeal of Florida, Fourth District.
July 9, 1986.
*4 Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Penny H. Brill, Asst. Atty. Gen., West Palm Beach, for appellee.
GUNTHER, Judge.
Karen Evrard appeals from her sentence in which the trial court departed from the recommended guidelines sentence. We reverse, and we remand for resentencing in accordance with the guidelines.
The appellant plead nolo contendere to vehicular homicide. Her guidelines scoresheet totaled sixty-six points, with a recommended sentence of any non-state prison sanction. The trial judge departed from the recommended guidelines sentence on three grounds: (1) the defendant's prior uncounseled conviction, (2) the defendant's "stale" prior conviction, and (3) the court's belief that the defendant lied to officials from the Department of Corrections. The court sentenced the appellant to thirty months in prison and thirty months probation. Evrard appeals from the sentence imposed by the trial court.
The trial court failed to justify its departure from the sentencing guidelines by clear and convincing reasons as required by Florida Rule of Criminal Procedure 3.701(d)(11). The use of a "stale" prior conviction might properly serve as a clear and convincing reason for departure. Burke v. State, 483 So.2d 404 (Fla. 1985); Mullen v. State, 483 So.2d 754 (Fla. 5th DCA 1986). However, a trial court may not depart from the recommended guidelines sentence based upon the court's belief that the defendant lied to the court. Neal v. State, 487 So.2d 367 (Fla. 2d DCA 1986); Spivey v. State, 481 So.2d 100 (Fla. 3d DCA 1986); Jones v. State, 481 So.2d 516 (Fla. 4th DCA 1985); McBride v. State, 477 So.2d 1091 (Fla. 4th DCA 1985); Bowdoin v. State, 464 So.2d 596 (Fla. 4th DCA 1985). We find that the reasoning of the above authorities applies here. Moreover, the court's belief that the defendant lied to officials from the Department of Corrections presents a weaker case for a departure sentence than the court's belief that the defendant lied to the court because the act of lying to officials of the Department of Corrections does not invoke the strong public policy in favor of protecting the integrity of the judicial process. Therefore, *5 we hold that a trial court may not depart from the recommended guidelines sentence based upon the court's belief that the defendant lied to officials from the Department of Corrections.
Florida courts do not appear to have addressed the precise issue of whether an uncounseled prior conviction may be used as a clear and convincing reason to depart from a guideline sentence. Generally, an uncounseled conviction may not be used to enhance a sentence on a subsequent conviction unless the defendant waived his right to counsel in the first proceeding. Pilla v. State, 477 So.2d 1088 (Fla. 4th DCA 1985); Hayes v. State, 468 So.2d 470 (Fla. 4th DCA 1985). See also Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). Permitting the use of an uncounseled conviction in a subsequent prosecution would cause the accused in effect to suffer anew from the deprivation of his Sixth Amendment rights. Harrell v. State, 469 So.2d 169 (Fla. 1st DCA); review denied, 479 So.2d 118 (Fla. 1985). In our view, this rationale also applies in the present case. Therefore, we hold that the use of an uncounseled conviction is not a clear and convincing reason for departure from the guidelines sentence under Florida Rule of Criminal Procedure 3.701(d)(11).
Of the three reasons the trial court gave, only one, the "stale" prior conviction, could possibly justify departure. Where a trial court gives both permissible and impermissible reasons for departure, reversal is required unless the State proves beyond a reasonable doubt that the error was harmless and that the error did not affect the departure sentence. Albritton v. State, 476 So.2d 158 (Fla. 1985). One factor other courts have weighed in assessing whether the error was harmless is the number of invalid reasons relied on by the trial court. See, e.g., Sabb v. State, 479 So.2d 845 (Fla. 1st DCA 1985). It is impossible for us to ascertain from this record the extent to which the judge relied on the impermissible reasons. Therefore, the sentence must be reversed and remanded for resentencing in accordance with the guidelines.
REVERSED AND REMANDED.
LETTS and GLICKSTEIN, JJ., concur.