501 So.2d 665 (1987)
Cledius Orlando JONES, Appellant,
v.
STATE of Florida, Appellee.
No. BJ-402/BK-321.
District Court of Appeal of Florida, First District.
January 13, 1987.
On Motion for Rehearing February 4, 1987.
*666 Michael E. Allen, Public Defender, David A. Davis, Asst. Public Defender and Pamela D. Presnell, Legal Asst., Tallahassee, for appellant.
Jim Smith, Atty. Gen., and John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Cledius Jones pled guilty to burglary (count one), grand theft (count two), and trafficking in stolen property (count three, merged with counts one and two before sentencing). The trial court departed from the recommended guidelines sentence of four and one-half to five and one-half years, and sentenced Jones to ten years in state prison on count one and five years on count two, to run concurrently. The judge gave two reasons for departure:
1) the defendant's extensive juvenile record; and
2) [defendant is] a continuing threat to the community due to the fact that the temporal proximity of the commission of the crimes evinces a total disregard of the property rights of others.
Appellant contends that both of these reasons are invalid. We agree and reverse.
Rule 3.701(d)(5)(c), Florida Rules of Criminal Procedure, requires the scoresheet to reflect, as part of the defendant's prior record, "all prior juvenile dispositions which are the equivalent of convictions as defined in section (d)(2), occurring within three (3) years of the commission of the primary offense and which would have been criminal if committed by an adult." Conviction is defined in subsection (d)(2) as "a determination of guilt resulting from plea or trial, regardless of whether adjudication was withheld or whether imposition of sentence was suspended." The trial judge may not consider juvenile offenses for which convictions were not obtained, Weems v. State, 469 So.2d 128, 130 (Fla. 1985), or which have already been factored into the guidelines sentence, Hendrix v. State, 475 So.2d 1218, 1220 (Fla. 1985). The judge may properly consider any juvenile convictions more than three years old as a reason to depart. Weems v. State, 469 So.2d at 130.
In this case, the judge apparently relied on the presentence investigation for the record of appellant's juvenile offenses. *667 But the PSI does not show any adjudications of guilt, and the record is unclear as to the disposition of many of the juvenile offenses cited by the judge. Of twelve offenses cited, only five show dispositions which suggest convictions. Appellant was undoubtedly adjudicated guilty of some of those offenses, but the record does not show which ones or how many. "Entries in criminal histories which show no disposition, disposition unknown, arrest only, or other non-conviction disposition shall not be scored." Fla.R.Crim.P. 3.701(d)(5)(a)(1). Nor can such entries be considered clear and convincing evidence for departure. See Weems v. State, 469 So.2d at 130. On remand, the disposition of any juvenile offenses must be determined in order for them to be used as a reason for departure from the guidelines.
The second reason essentially relies on the appellant's prior record, and is thus invalid. Casteel v. State, 498 So.2d 1249 (Fla. 1986); Hendrix v. State, 475 So.2d at 1220. In Casteel the ground, inter alia, that "the Defendant's prior history of criminal activity and behavior establishes a pattern of conduct that renders him a continuing and serious threat to the community" was held to be an invalid reason for departure. Although the judge's phrasing of his reason in this case might suggest that he felt the defendant was on a "crime spree," the record before us does not clearly and convincingly support such a contention.
Since neither reason given is valid on the record, the sentence is vacated, and the cause remanded to the trial court for resentencing.
REVERSED AND REMANDED.
SMITH and SHIVERS, JJ., concur.

ON MOTION FOR REHEARING
ZEHMER, Judge.
The state has moved for rehearing and rehearing en banc, contending that our disapproval of the second ground for departure conflicts with the prior decisions of this court in Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984), and Williams v. State, 484 So.2d 71 (Fla. 1st DCA 1986). In both Swain and Williams the trial court's order recited the specific offenses and dates of commission relied on by the court for its conclusion that the timing or temporal proximity of commission of the several crimes warranted departure. In the instant case the order made no reference to any particular offenses or the time sequence of their commission. Moreover, the supreme court decision in Casteel v. State, 498 So.2d 1249 (Fla. 1986), was decided after Swain and Williams and casts considerable doubt on the continuing validity of prior decisions approving reliance on the temporal pattern of commission of offenses as a ground for departure.
We certify to the supreme court the following question of great public importance:
IS THE TRIAL COURT'S CONCLUSION THAT DEFENDANT IS A CONTINUING THREAT TO THE COMMUNITY DUE TO THE FACT THAT THE TEMPORAL PROXIMITY OF COMMISSION OF THE CRIME EVINCES A TOTAL DISREGARD OF THE PROPERTY RIGHTS OF OTHERS A VALID AND SUFFICIENT GROUND FOR DEPARTING FROM THE SENTENCING GUIDELINES?
The petition for rehearing is DENIED.
SMITH and SHIVERS, JJ., concur.