510 So.2d 930 (1987)
Wade Edward CARTER, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1217.
District Court of Appeal of Florida, Fifth District.
June 18, 1987.
Rehearing Denied August 5, 1987.
Richard S. Rhodes and James K. Freeland, Orlando, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Charged with first degree murder of Tony Halterman, attempted first degree murder of Kimberly Cook and burglary with a battery, the defendant was convicted of the lesser included offenses of second degree murder, (Halterman) attempted second degree murder (Cook) and simple battery. The trial court departed from the recommended guidelines sentence of 17-22 years, and sentenced defendant to 40 years' incarceration for the murder conviction, 30 years concurrent on the attempted murder and one year concurrent on the battery. Defendant appeals the sentences and the convictions and we affirm.
The evidence amply supports the convictions. As reasons for departing from the recommended guidelines sentence, the trial court cited the defendant's "significant juvenile record," a valid reason based on Weems v. State, 469 So.2d 128 (Fla. 1985). Additionally, after reciting the many juvenile crimes which defendant had committed as well as an adult felony conviction for burglary of an occupied dwelling, the court found "that the defendant has engaged in an ongoing course of criminal conduct for a lengthy period of time." This finding is supported by the record in this case and is a valid reason for departure. Williams v. State, 504 So.2d 392 (Fla. 1987); Brockington v. State, 506 So.2d 495 (Fla. 5th DCA 1987). Although finding the defendant to be an habitual felon, it does not appear that the trial judge relied on this ground as an independent basis for departure. We therefore find no conflict with Whitehead v. State, 498 So.2d 863 (Fla. 1986).
After reciting the foregoing reasons, the written order says: "This court finds that the sentence imposed is appropriate because of the reasons heretofore set forth, notwithstanding other considerations which are to follow" (emphasis supplied). Other reasons then follow, but we need not explore them in light of the trial court's clear statement that the departure sentence was based on the first stated reasons. We conclude that the written order demonstrates beyond a reasonable doubt that the departure sentence was based on the first mentioned valid reasons, so that even if some or all of the later stated reasons are invalid as appellant contends, (a point we need not decide), the trial judge would have imposed the same sentence. Casteel v. State, 498 So.2d 1249 *931 (Fla. 1986); Albritton v. State, 476 So.2d 158 (Fla. 1985).
AFFIRMED.
COBB and COWART, JJ., concur.