509 So.2d 1246 (1987)
Robert J. OSTROWSKI, Appellant,
v.
STATE of Florida, Appellee.
No. 86-992.
District Court of Appeal of Florida, Second District.
July 8, 1987.
*1247 James Marion Moorman, Public Defender, Bartow, and Brad Permar, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Chief Judge.
Appellant raises two issues in this appeal from his convictions and sentences for battery on a law enforcement officer and resisting an officer with violence. The trial court sentenced him to a total of four years incarceration which was a departure from the presumptive range of community control or twelve to thirty months. Appellant contends that he could not be sentenced for both the battery on the law enforcement officer and the resisting an officer with violence since the latter is a lesser-included offense of the former where they both arose out of the same criminal episode as happened here. He further contends that the reasons given by the trial court to support departure were not clear and convincing. We disagree with his first argument and accordingly affirm his convictions, but we agree that the departure reasons are invalid. Therefore, we vacate his sentence and remand for resentencing within the presumptive range.
The supreme court has answered appellant's first contention in State v. Henriquez, 485 So.2d 414 (Fla. 1986). The court found that battery on a law enforcement officer and resisting an officer with violence are separate offenses. The trial court properly convicted and sentenced appellant for these two crimes.
In sentencing appellant, the trial court departed from the presumptive range giving the following reasons: (1) nature of appellant's prior convictions; (2) a police officer was the victim; (3) juvenile record was not scored in the guidelines; and (4) prior incarceration for similar offenses. Reasons 1 and 4 seem to say the same thing and, in any event, violate Hendrix v. State, 475 So.2d 1218 (Fla. 1985), because they are based on prior record which is already factored into the guidelines. Reason 2 relies on an inherent component of the crime and is therefore a violation of State v. Mischler, 488 So.2d 523 (Fla. 1986), because it too was already factored into the guideline sentence. See also State v. Cote, 487 So.2d 1039 (Fla. 1986). The third reason is valid where the juvenile convictions are more than three years old and consequently not part of prior record. Weems v. State, 469 So.2d 128 (Fla. 1985). The record before us, however, discloses no support to show that appellant had such juvenile convictions. The transcript of the sentencing hearing shows that the court had the results of a presentence investigation before it, but at the hearing the court did not verbally articulate its departure reasons except to say that it would depart and give its reasons later in writing. We cannot affirm this otherwise valid reason where we cannot show that the record contained such juvenile convictions to be relied upon by the court. Mischler (facts do not support otherwise valid reason of lack of remorse). In order to satisfy due process, the court should articulate its reasons for departure at the sentencing hearing even though it must still reduce these reasons to writing. Washington v. State, 501 So.2d 133 (Fla. 2d DCA 1987).
We affirm appellant's convictions for both crimes but vacate his sentences and remand for resentencing within the presumptive range of community control or twelve to thirty months incarceration.
SCHOONOVER and HALL, JJ., concur.