PER CURIAM.
We reverse the ten-year sentence of confinement imposed upon the defendant and remand the case to the trial court for the imposition of a sentence within the recommended guideline range of 4-V2 to 5-V2 years. The trial court’s stated reasons for its upward departure from the sentencing guidelines were that (1) the defendant has an extensive record of “arrests and convictions as a juvenile offender ... not calculated in the scoresheet,” (2) the defendant committed crimes “shortly after being released from incarceration,” and (3) the greater sentence is “necessary to protect the public from [the defendant’s] continuing crimes.”
First, as the State with commendable candor concedes, there is no record support for the trial court’s finding that the defendant had an extensive unscored record of juvenile convictions or that he committed crimes “shortly after being released from incarceration.” The record reflects only a single prior juvenile conviction some four and one-half years earlier, which does not constitute a clear and convincing reason for departure.[1] See Weems v. State, 469 So.2d 128 (Fla.1985) (extensive unscored juvenile convictions); Carter v. State, 510 So.2d 930 (Fla. 5th DCA 1987) {significant unscored juvenile record). Second, the trial court’s statement that the greater sentence was “necessary to protect the public from [the defendant’s] continuing crimes” is not a valid reason for departure because the only evidence to support this statement is the defendant’s prior record, which has already been factored in in computing the recommended punishment. Williams v. State, 492 So.2d 1308 *1106 (Fla.1986); Hendrix v. State, 475 So.2d 1218 (Fla.1985). See Hudson v. State, 504 So.2d 2 (Fla. 2d DCA 1986) (threat to society impermissible); Thorne v. State, 496 So.2d 891 (Fla. 2d DCA 1986) (threat to society impermissible reason to depart); Dowling v. State, 495 So.2d 874 (Fla. 5th DCA 1986) (reason that “the departure is necessary for the protection of society” is impermissible); Frank v. State, 490 So.2d 190 (Fla. 2d DCA 1986) (“protection of the community at large” impermissible); Holden v. State, 487 So.2d 1199 (Fla. 1st DCA 1986) (need for societal protection insufficient).
Reversed and remanded.

. Ironically, had the juvenile burglary conviction occurred within three years of the sentencing and thus been scored as a prior third-degree felony, the presumptive guideline sentence would have been 5-½ to 7 years. But because the single juvenile conviction was more remote in time, the trial court believed itself empowered to impose a still longer sentence.