525 So.2d 862 (1988)
Randy Ashley TILLMAN, Petitioner,
v.
STATE of Florida, Respondent.
No. 68041.
Supreme Court of Florida.
April 21, 1988.
Rehearing Denied June 20, 1988.
*863 Michael E. Allen, Public Defender and Steven L. Bolotin, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for respondent.
EHRLICH, Justice.
We have for review a sentencing guidelines decision, Tillman v. State, 477 So.2d 14 (Fla. 1st DCA 1985), because of conflict with this Court's decision in Whitehead v. State, 498 So.2d 863 (Fla. 1986). We have jurisdiction, article V, section 3(b)(3), Florida Constitution, and quash the decision below.
Tillman was arrested on the night of February 14, 1984, and charged with attempted sexual battery and simple battery. Because probable cause was found to be insufficient on the sexual battery charge, the state filed an amended information, on February 16, 1984, charging Tillman with burglary of a conveyance with an assault or battery (Count I), attempted kidnapping (Count II), and attempted robbery (Count III). After hearing the evidence at trial, the jury found the defendant not guilty on Counts II and III, but guilty (as to Count I) of the lesser included offense of attempted burglary of a conveyance with an assault or battery. The trial judge departed from the presumptive guidelines range of four and one-half to five and one-half years and increased the statutory maximum of fifteen years (section 775.082(3)(c), Florida Statutes (1985)) to thirty years, the enhanced statutory maximum allowed under the habitual offender statute (section 775.084(4)(a), Florida Statutes (1985)).
The trial judge set out five written reasons for departure in the "Order Aggravating the Sentence Beyond Guidelines Range" and specifically incorporated the written findings made in connection with the habitual offender proceeding. From the habitual offender order incorporated by reference, we have gleaned what appears to be four additional reasons for departure. The five reasons in the Order Aggravating the Sentence are:
1. The Court has found that this Defendant qualified as a habitual offender pursuant to Section 775.084, Florida Statutes. Based on this proceeding, the Court has specifically found that incarceration is necessary to protect the public from further criminal activity by this Defendant. The Court hereby specifically incorporates into this order the findings made pursuant to the habitual offender proceeding.
2. While the victim of Randy Ashley Tillman's crime did not suffer serious physical injury, she suffered obvious emotional shock and trauma as a result of the Defendant's actions. The court had personal opportunity in trial to observe this emotional damage to the victim. Such trauma is not taken into account in establishing presumptive ranges under sentencing guidelines.
3. The Defendant's past history shows a pattern of violent conduct which indicates a serious danger to society.
4. The Defendant has shown by his misdeeds that he is not amenable to rehabilitation.
5. The Defendant has exhibited a pattern of drug and alcohol abuse over such a long period of time that rehabilitation is unlikely.
*864 The additional four reasons incorporated by reference from the habitual offender order are: 6) the defendant had a previous conviction for rape and aggravated assault; 7) the court believes that, given the facts of this incident and the facts of the prior rape conviction, there would be a much more serious charge but for the timely intervention of a third party; 8) the defendant has an extensive juvenile record; and 9) the rape and aggravated assault occurred approximately six months after the defendant's release from prison, and the instant offense was committed approximately four months after release from prison.
On appeal, the district court affirmed the departure sentence in a per curiam opinion citing Whitehead v. State, 467 So.2d 779 (Fla. 1st DCA 1985), which was pending review by this Court and which we later quashed in Whitehead v. State, 498 So.2d 863. Tillman argues that departure was improper because it was based upon his prior criminal record, which this Court found to be an invalid reason for departure in Hendrix v. State, 475 So.2d 1218 (Fla. 1985), and upon speculation as to what might have happened, contrary to our opinion in White v. State, 403 So.2d 331 (Fla. 1981), cert. denied, 463 U.S. 1229, 103 S.Ct. 3571, 77 L.Ed.2d 1412 (1983).
A clear and convincing reason must be a valid reason, one which is an appropriate reason in the abstract, and must be supported by the facts of the particular case which are credible and proven beyond a reasonable doubt. State v. Mischler, 488 So.2d 523 (Fla. 1986); Keys v. State, 500 So.2d 134 (Fla. 1986).
Reason one is not clear and convincing since habitual offender status is not a basis for departure under Whitehead.
Reason two, emotional trauma of the victim, may serve as a clear and convincing reason for departure where there is evidenced "a discernible physical manifestation resulting from the psychological trauma", State v. Rousseau, 509 So.2d 281, 284-85 (Fla. 1987), or where there is evidence that the trauma is the result of "extraordinary circumstances which are clearly not inherent in the offense charged". Casteel v. State, 498 So.2d 1249, 1253 (Fla. 1986). There is no evidence in the record of any "extraordinary circumstances" or of "a discernible physical manifestation" resulting from the trauma.
Reasons three, four, and six are invalid since they are based on prior convictions, contrary to our opinion in Hendrix.
Reason five, that the Defendant has exhibited a pattern of drug and alcohol abuse over such a long period of time that rehabilitation is unlikely, is not a clear and convincing reason for departure in this case. Even if we were to find it a valid reason in the abstract, there is nothing in the record to support the conclusion that rehabilitation is unlikely.
Reason seven is pure speculation as to what might have occurred and is expressly predicated on the prior rape conviction. This is contrary to our decision in White, where we held that predictions as to what might have occurred or as to future conduct were not a basis to sustain an aggravating circumstance in imposing the death sentence for first-degree murder. Since we find the same principle applicable here in the sentencing guidelines context, reason seven is not clear and convincing.
Reason eight, the Defendant's extensive juvenile record, has been recognized as a clear and convincing reason by this Court since this aspect of prior criminal history is not already factored into the guidelines score. Weems v. State, 469 So.2d 128 (Fla. 1985); See also Williams v. State, 504 So.2d 392 (Fla. 1987).
Reason nine concerns the timing of offenses in relation to prior offenses and release from incarceration. This is a clear and convincing reason since it too is an aspect of prior criminal history not already factored in to arrive at a presumptive guidelines sentence. Williams, Id.
Although we find two clear and convincing reasons for departure, Tillman's habitual offender status appears to have been the trial court's main reason for departure in this case. Since the state has not shown *865 beyond a reasonable doubt that the trial court would have departed in the absence of the invalid reasons, we find it necessary to vacate the sentence and remand for resentencing. Albritton v. State, 476 So.2d 158 (Fla. 1985).
We have reviewed the trial court's written order classifying Tillman a habitual offender and, with the exception of the court's speculation that it was Tillman's true intention to sexually assault his victim, we find the facts set forth therein sufficient to support the court's finding that extended imprisonment is "necessary for the protection of the public from further criminal activity by the defendant." We note that based on our recent decisions in Hester v. State, 520 So.2d 273 (Fla. 1988), and Winters v. State, 522 So.2d 816 (Fla. 1988), on remand the trial court may again depart up to the enhanced statutory maximum sentence of thirty years.
Accordingly, we quash the decision below and remand to the district court with directions to remand to the trial court for resentencing in accordance with this opinion.
It is so ordered.
McDONALD, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.