PER CURIAM.
In this appeal of a sentence more lengthy than the presumptive sentence under the sentencing guidelines, the appellant contends, first, that the reasons given by the trial court for imposing a departure sentence were not clear and convincing and, second, that the extent of the departure sentence imposed is excessive. We agree with appellant’s first contention, and thus need not reach the second. We reverse and remand.
The trial court’s written statement of reasons for departure provides:
The Defendant has a substantial juvenile record involving theft and burglary offenses which are not scored on the guidelines score sheet. Upon a review of the Defendant’s entire record, including his juvenile record, the Court is convinced that the Defendant possesses a propensity toward theft and burglary and is a menace to society.
We find that this statement sets forth two separate reasons for departure, the first being the appellant’s unscored juvenile record and the second being that his propensity to commit crimes makes him a menace to society. The second reason is clearly invalid. Arguably, all repeat offenders possess a “propensity” to commit crimes, and it is well settled that such findings as “utter disregard for the law” and “menace to society” are not valid reasons for imposition of a departure sentence where the only evidence to support the findings is the defendant’s prior record. See, e.g., Keys v. State, 500 So.2d 134 (Fla.1986); Williams v. State, 492 So.2d 1308 (Fla.1986).
The fact that a defendant’s record reflects the commission of offenses which cannot be scored because the offenses were committed when the defendant was a juvenile may, of course, be a valid reason for departure under our Supreme Court’s rulings in Weems v. State, 469 So.2d 128 (Fla.1985) and Williams v. State, 504 So.2d 392 (Fla.1987). However, unscored juvenile record may be properly considered as a basis for departure only if the juvenile record is extensive, and only if the juvenile offenses were disposed of by adjudications equivalent to conviction of an adult. Weems v. State; Walker v. State, 519 So.2d 1105 (Fla. 3rd D.C.A. 1988); Carter v. State, 510 So.2d 930 (Fla. 5th D.C.A. 1987); Jones v. State, 501 So.2d 665 (Fla. 1st D.C.A. 1987); White v. State, 501 So.2d 189 (Fla. 5th D.C.A. 1987). In this case, seven entries appear on appellant’s juvenile “rap sheet,” only three of which clearly and unambiguously reflect adjudications equivalent to conviction of an adult. Of the three offenses which resulted in adjudications of guilt, only one, a burglary of a dwelling, was unquestionably a felony. Accordingly, we are unable find adequate support in the record for the trial judge’s conclusion that appellant’s juvenile record is so “substantial” as to warrant imposition of a departure sentence. Cf. Weems v. *717 State, where the defendant had a record of thirteen juvenile dispositions which were the equivalent of convictions.
Because neither of the trial court’s stated reasons for imposition of a departure sentence was valid in this case, we reverse and remand for resentencing within the recommended range provided by the sentencing guidelines. Williams v. State, 492 So.2d 1308 (Fla.1986).
REVERSED and REMANDED for re-sentencing.
SHIVERS and ZEHMER, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge, concur.