541 So.2d 736 (1989)
James BLUE, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 88-1452.
District Court of Appeal of Florida, First District.
April 7, 1989.
*737 Michael E. Allen, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Royall P. Terry, Jr., Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of a sentence of 18 months community control with a special condition of six months jail time imposed upon his conviction of attempted burglary of a structure. He contends the trial court erred in departing from the recommended sentencing guidelines range of any nonstate prison sanction. We reverse, finding the trial court erred in departing from the guidelines range on the basis of appellant's unscored juvenile record.
Following a jury trial, appellant was convicted of attempted burglary of a structure, in violation of sections 810.02 and 777.04, Florida Statutes, and sentenced to 18 months community control with a special condition of six months jail time. The recommended guidelines sentence was any nonstate prison sanction. In a written articulation of its reason for departure from the guidelines range, the trial court stated:
Pursuant to the requirement set forth in Rule 3.701(d)(6), the court hereby states that the sentence was imposed above the presumptive sentence because the defendant has a significant juvenile record that is not a factor calculated in the sentencing guidelines.
Courts have found that "the fact that a defendant's record reflects the commission of offenses which cannot be scored because the offenses were committed when the defendant was a juvenile may ... be a valid reason for departure... ." Musgrove v. State, 524 So.2d 715, 716 (Fla. 1st DCA 1988), citing Weems v. State, 469 So.2d 128 (Fla. 1985) and Williams v. State, 504 So.2d 392 (Fla. 1987). An unscored juvenile record may be considered as a basis for departure only "if the juvenile record is extensive, and only if the juvenile offenses were disposed of by adjudications equivalent to conviction of an adult." Musgrove at 716. In Musgrove, the trial court found that the defendant's three juvenile offenses which resulted in adjudications of guilt, one of which was a felony, were insufficient to constitute a substantial juvenile record warranting imposition of a departure sentence. In this case, appellant's presentence investigative report reveals five entries under his juvenile arrest history, three of which reflect adjudications equivalent to adult convictions for crimes of entering without breaking, petty theft, and simple battery. We find the three offenses resulting in adjudications of guilt do not meet the requirement that an unscored juvenile record may be a basis for departure only if it is "extensive," Weems, supra, or "significant," Carter v. State, 510 So.2d 930 (Fla. 5th DCA 1987).
The order is therefore reversed.
THOMPSON and WIGGINTON, JJ., concur.