550 So.2d 151 (1989)
Andre MORGAN and Anthony Morgan, Appellants,
v.
The STATE of Florida, Appellee.
No. 88-1196.
District Court of Appeal of Florida, Third District.
October 17, 1989.
*152 Bennett H. Brummer, Public Defender, and John H. Lipinski and Maria Brea Lipinski, Asst. Public Defenders, for appellants.
Robert A. Butterworth, Atty. Gen., and Patricia Ann Ash, Asst. Atty. Gen., for appellee.
Before HUBBART, BASKIN and FERGUSON, JJ.
BASKIN, Judge.
Andre Morgan and Anthony Glenn Morgan appeal their convictions and sentences for trafficking in cocaine, possession of cocaine, unlawful possession of a firearm while engaged in a criminal offense, and for carrying a concealed weapon.[1] We affirm the convictions and reverse the sentences.
The Morgans allege they were denied due process of law and deprived of their right to effective assistance of counsel by their joint representation by one attorney. Their argument is without merit. The Morgans did not object in the trial *153 court to joint representation. They have also failed to point out specific instances in which an actual conflict of interest affected their attorney's representation. Foster v. State, 387 So.2d 344 (Fla. 1980); Boutwell v. State, 530 So.2d 1092 (Fla. 1st DCA), review denied, 538 So.2d 1255 (Fla. 1988); Davis v. State, 461 So.2d 291 (Fla. 1st DCA 1985); Baker v. State, 217 So.2d 880 (Fla. 1st DCA 1969); Rogers v. State, 212 So.2d 367 (Fla. 1st DCA 1968), cert. discharged, 219 So.2d 685 (Fla. 1969); see also Bellows v. State, 508 So.2d 1330 (Fla. 2d DCA 1987). Furthermore, counsel was not court appointed, but was privately retained. Because they chose dual representation, appellants may not now complain. Davis v. State, 209 So.2d 701 (Fla. 3d DCA 1968).
Challenging their sentences, the Morgans allege that the trial court erred in utilizing juvenile adjudications to depart from the sentencing guidelines. An extensive record of juvenile adjudications may provide sufficient reason for departure from the guidelines, Williams v. State, 504 So.2d 392 (Fla. 1987); Musgrove v. State, 524 So.2d 715 (Fla. 1st DCA 1988), but three prior juvenile convictions are insufficient to support departure. Blue v. State, 541 So.2d 736 (Fla. 1st DCA 1989); Musgrove v. State, 524 So.2d 715 (Fla. 1st DCA 1988); Jones v. State, 501 So.2d 665 (Fla. 1st DCA 1987), decision approved, 530 So.2d 53 (Fla. 1988). Additionally, when the state offers prior convictions of disputed accuracy, the state must produce corroborating evidence. Ostrowski v. State, 509 So.2d 1246 (Fla. 2d DCA 1987); Smelley v. State, 500 So.2d 318 (Fla. 1st DCA 1986); Delaine v. State, 486 So.2d 39 (Fla. 2d DCA 1986). The trial court may not rely on mere hearsay to substantiate their validity. Ostrowski; Smelley; Delaine. Andre Morgan disputed the accuracy of the juvenile adjudications announced by the state; accordingly, the state was required to produce corroborating evidence.[2] Its failure to do so renders invalid both that reason for departure as well as the escalating pattern of criminal behavior also premised on the unsubstantiated juvenile convictions. Finding no adequate basis for departure, we reverse Andre Morgan's sentence. We find no merit in Anthony Morgan's appeal of his sentence, however; both his extensive juvenile record and his escalating pattern of criminal activity are valid reasons for departure. Williams; Keys v. State, 500 So.2d 134 (Fla. 1986); McGriff v. State, 528 So.2d 396 (Fla. 3d DCA 1988); Musgrove; Brier v. State, 504 So.2d 809 (Fla. 2d DCA 1987).
The Morgans' remaining points lack merit. See Felton v. State, 523 So.2d 775 (Fla. 3d DCA 1988).
Convictions affirmed; Andre Morgan's sentence reversed; Anthony Morgan's sentence affirmed; remanded for resentencing.
NOTES
[1] Although both Andre and Anthony were convicted of the other drug-related offenses, they were sentenced only for the trafficking offense. Only Anthony was convicted of the weapons offenses.
[2] Anthony Morgan did not dispute the accuracy of his juvenile adjudications; consequently, he waived his right to contest the state's failure to produce corroborating evidence.