DANAHY, Acting Chief Judge.
The appellant shot and killed her boyfriend, and she was charged with second degree murder. After a jury found her guilty of manslaughter, the trial judge sentenced her to twelve years of incarceration. This was an upward departure from the recommended range of three to seven years based on the appellant’s sentencing guidelines scoresheet.
On this appeal, the appellant asserts that reversible errors were committed during the course of her trial. We disagree and affirm her conviction. However, we agree with the appellant that the written reasons given by the trial judge for the upward departure sentence are invalid.
The trial judge set forth her written reasons for the departure in two paragraphs. The first paragraph gives as a reason that probation violation and legal constraint could not be scored on the apel-lant’s scoresheet. This is a reference to the fact that in 1972 the appellant had been found guilty of manslaughter and placed on probation for ten years. Three years into the probationary term, an affidavit of violation of probation was filed against the appellant.
Notwithstanding, the state never pursued the probation violation matter and the state did not pursue that matter in this proceeding. Accordingly, the appellant has never been found guilty of a probation violation with respect to the probation associated with her 1972 offense of manslaughter. The trial judge stated “therefore, although the defendant absconded from a prior violation, the defendant was not punished and the violation or legal constraint was not scored or taken into consideration *288 on the scoresheet.” All of this amounts to an invalid reason for departure.
Obviously, an upward departure cannot be based on nonexistent factors. There is no probation violation until a court of competent jurisdiction finds a person guilty of probation violation. That has not occurred with respect to the appellant. She has not been punished for a prior probation violation because the state has not seen fit to seek such punishment. Florida Rule of Criminal Procedure 3.701(d)(11) states that reasons for deviating from the guidelines shall not include factors relating to prior arrests without conviction. The circumstances here seem to us to fall within the ambit of this rule. As far as legal constraint is concerned, if the defendant was still on probation when the instant offense was committed, then points should have been added to her scoresheet for legal constraint. But adding those points would not change the recommended range. An upward departure based on the fact that legal constraint could not be scored is simply unjustified.
In the second paragraph of the written reasons for departure, the trial judge states that the circumstances of this crime were especially heinous. The following sentence includes two reasons for that conclusion. The first is that the appellant is a convicted felon and was carrying a firearm. Rule 3.701(d)(11) states that reasons for deviating from the guidelines shall not include factors relating to the instant offense for which convictions have not been obtained. The first reason, therefore, is not valid. There is absolutely no proof in the record to support the trial judge’s conclusion that the second reason given is a circumstance of this crime which makes it especially heinous. A departure reason not supported by the record is invalid. See State v. Mischler, 488 So.2d 523 (Fla.1986); Ostrowski v. State, 509 So.2d 1246 (Fla. 2d DCA 1987).
Having found the written reasons for departure to be invalid, we reverse the appellant’s sentence and remand for sentencing within the guidelines recommended sentencing range.
Conviction affirmed; sentence reversed and case remanded for resentencing within the guidelines recommended range.
LEHAN and FRANK, JJ., concur.