PER CURIAM.
Appellant Puffinberger seeks review of the trial court’s upward departure from the sentencing guidelines resulting in a sentence of ten years imprisonment for the crime of aggravated child abuse in violation of section 827.03(l)(b), Florida Statutes (1987). We affirm the conviction and sentence.
Appellant pled nolo contendere to a charge of aggravated child abuse. His guideline scoresheet reflected three prior second degree felony convictions for burglaries against his father’s house committed when appellant was a juvenile. The court ruled the three offenses were uns-coreable because they occurred more than three years prior to the instant offense. This placed appellant in the five and one half to seven years imprisonment range. However, the trial court chose to exceed the guidelines based on the unscoreable juvenile record and pursuant to Weems v. State, 469 So.2d 128 (Fla.1985).
Under Weems, wherein the defendant’s thirteen juvenile dispositions were held to be valid considerations in sentencing above the guidelines, a defendant’s unscored juvenile record, containing offenses disposed of by adjudications equivalent to conviction of an adult, can be a clear and convincing reason for departure. Id. Some district courts of appeal have taken the Weems opinion to imply that to be justification for departure, the juvenile record must be extensive. See Blue v. State, 541 So.2d 736 (Fla. 1st DCA 1989); Carter v. State, 510 So.2d 930 (Fla. 5th DCA 1987). We affirm the trial court’s ruling; however, we certify the following question as being one of great public importance:
IN LIGHT OF WEEMS, TO WHAT EXTENT MAY A TRIAL COURT CONSIDER A NON-SCOREABLE JUVENILE RECORD IN AGGRAVATING A SEN *190 TENCE ABOVE THE GUIDELINES RANGE?
WALDEN and POLEN, JJ., concur.
ANSTEAD, J., concurs specially with opinion.