GRIFFIN, Judge.
This is the appeal of a departure sentence imposed on the basis of appellant's unscored juvenile record.
The juvenile record relied upon by the trial court (the Pre-Sentence Investigation Report) indicates that on January 30, 1986 appellant was adjudicated guilty of four offenses, all committed on the same date, January 17, 1986. At least two of these adjudications appear to have resulted from a single incident where appellant broke into a car and stole the car stereo. On the same day, appellant committed the offenses of “theft and dealing in stolen property” and burglary of a dwelling. It is unclear whether these four adjudications arose out of two or three separate criminal episodes.
Several courts have held that three prior juvenile convictions do not present a sufficient juvenile record to justify a departure sentence. Morgan v. State, 550 So.2d 151 (Fla. 3d DCA 1989); Blue v. State, 541 So.2d 736 (Fla. 1st DCA 1989); Musgrove v. State, 524 So.2d 715 (Fla. 1st DCA 1988). These courts have concluded that in order to justify a departure sentence a defendant’s unscored juvenile record must be “extensive,” as was the case in Weems v. State, 451 So.2d 1027 (Fla. 2d DCA 1984), approved, 469 So.2d 128 (Fla.1985). See also Tillman v. State, 525 So.2d 862 (Fla.1988). In Williams v. State, 504 So.2d 392 (Fla.1987) the supreme court upheld a departure sentence based, in part, on two adjudications for arson, one burglary of an occupied dwelling and one shoplifting.[1] In West v. State, 566 So.2d 374 (Fla. 5th DCA 1990), we recently upheld a departure sentence based on three separate juvenile convictions but joined the Fourth District Court of Appeal[2] in certifying to the supreme court the following question:
IN LIGHT OF WEEMS, TO WHAT EXTENT MAY A TRIAL COURT CONSIDER A NON-SCOREABLE JUVENILE RECORD IN AGGRAVATING A SENTENCE ABOVE THE GUIDELINES RANGE?
We conclude this unscored juvenile record is adequate to support a departure sentence but we adopt and again certify the question we raised in West.
*117 The state concedes the probation portion of the written sentencing order is incorrect and should be corrected to conform to the oral pronouncement.
AFFIRMED in part; SENTENCE VACATED in Case No. 89-586-CF-J; and REMANDED for correction of sentence.
DATJKSCH and PETERSON, JJ., concur.

. This court earlier indicated that a "minimal" juvenile record should not justify departure. White v. State, 501 So.2d 189 (Fla. 5th DCA 1987).

. Puffinberger v. State, 558 So.2d 189 (Fla. 4th DCA 1990).