581 So.2d 897 (1991)
Carl PUFFINBERGER, Petitioner,
v.
STATE of Florida, Respondent.
No. 75917.
Supreme Court of Florida.
June 6, 1991.
*898 Richard L. Jorandby, Public Defender and Margaret Good, Asst. Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen. and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for respondent.
KOGAN, Justice.
We have for review Puffinberger v. State, 558 So.2d 189 (Fla. 4th DCA 1990), in which the Fourth District Court of Appeal certified the following question as being of great public importance:
IN LIGHT OF WEEMS,[[1]] TO WHAT EXTENT MAY A TRIAL COURT CONSIDER A NON-SCOREABLE JUVENILE RECORD IN AGGRAVATING A SENTENCE ABOVE THE GUIDELINES RANGE?
Id. at 189-90. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Carl Puffinberger was charged with aggravated child abuse on his stepdaughter in violation of section 827.03(1)(b), Florida Statutes (1987). The offense was alleged to have occurred between October 1, 1987 and November 19, 1988, and subsequently resulted in her death on November 23, 1988. On March 3, 1989, Puffinberger pled nolo contendere to aggravated child abuse.
Puffinberger's guideline scoresheet reflected three second-degree felony convictions for burglaries of his parent's house *899 committed when Puffinberger was a juvenile. When sentencing Puffinberger for the aggravated child abuse, the trial court ruled that the three juvenile dispositions were unscoreable because they occurred more than three years prior to the instant offense. Fla.R.Crim.P. 3.701(d)(5)(c). This placed Puffinberger within the five-and-a-half-to-seven-years recommended sentencing range, or within four-and-a-half-to-nine-years permitted range. Fla.R.Crim.P. 3.988(d). However, relying on this Court's decision in Weems v. State, 469 So.2d 128 (Fla. 1985), the trial court exceeded the guidelines based on the unscored juvenile record and sentenced Puffinberger to ten years' imprisonment.
On appeal, the Fourth District affirmed the departure concluding that under Weems, Puffinberger's unscored juvenile record served as a clear and convincing reason for departure. Puffinberger, 558 So.2d at 189. However, noting that some district courts have found that Weems requires that a juvenile record be extensive or significant, see, e.g., Blue v. State, 541 So.2d 736 (Fla. 1st DCA 1989); Carter v. State, 510 So.2d 930 (Fla. 5th DCA), review denied, 519 So.2d 986 (Fla. 1987), the district court certified the above question. Puffinberger, 558 So.2d at 189.
Puffinberger contends that his record is not serious enough to warrant departure under Weems. Even the State conceded at oral argument that a juvenile record should be extensive or serious in order to be considered a valid reason for departure and urged that not only the extent of the record, but also the nature of the dispositions be considered. We agree.
In Weems, we held that the defendant's "extensive," nonscoreable juvenile record was a valid reason for departure in that case. Weems, 469 So.2d at 129. Weems was sentenced for burglary of a structure, battery on a law enforcement officer, and resisting arrest without violence. Weems' prior record included thirteen juvenile dispositions that were the equivalent of adult convictions.
This Court reasoned that the fact that Weems had a "multitude of juvenile dispositions for previous burglaries was certainly material to the sentencing process" and could, therefore, be considered by the trial court in sentencing. Id. at 130. We also noted that appellate review of the trial court's reasons for departure provides a check against the trial court's abuse of discretion in departing from the guidelines. Id.
Our decision in Weems does not authorize departure based on minimal or insignificant juvenile dispositions. Consistent with that decision, a trial court may consider a nonscoreable juvenile record as a reason for departure only if the record is significant. Accord Carter, 510 So.2d at 930 (significant juvenile record valid reason for departure); Blue, 541 So.2d at 737 (unscored juvenile record valid basis for departure only if it is extensive or significant).
In determining whether a juvenile record is significant, the sentencing court should examine not only the number of juvenile dispositions that are the equivalent of adult convictions, but also the nature and seriousness of the underlying offenses. In other words, an unscored juvenile record is significant for departure purposes if the record is extensive or serious, or if the number and nature of the dispositions, when considered in combination, amount to a significant record under the circumstances.
Further, we agree with the Third District Court of Appeal in Walker v. State, 519 So.2d 1105 (Fla. 3d DCA 1988), that a juvenile record should serve as a basis for departure only where the resulting departure sentence is no greater than that which the defendant would have received had the juvenile offenses been scored. Id. at 1105 n. 1. Therefore, if the use of a juvenile record results in a sentence greater than that which the defendant would have received had the offenses been scored, the reason is per se invalid.
Accordingly, we hold that a nonscoreable juvenile record may be considered as a reason for departure only to the extent it contains dispositions that are the equivalent of adult convictions and only if the record is significant and the resulting departure sentence is no greater than that *900 which the defendant would have received if the record had been scored.[2]
Returning to the case before us, Puffinberger's juvenile record consisting of three dispositions for burglaries of his parent's home does not qualify as significant. The burglaries occurred within a ten-day period. Puffinberger was again living in the home burglarized by the time he pled guilty to the offenses. Puffinberger's father, the victim of these offenses, cosigned the waiver of rights form which was executed in conjunction with Puffinberger's guilty plea. Puffinberger was placed on community control and as a condition thereof made restitution to his parents for the unrecovered items.
Because there is no valid reason to support the departure sentence, the case must be remanded to the trial court for resentencing within the guidelines. We reject Puffinberger's contention that use of the permitted range of four-and-a-half-to-nine-years in resentencing would violate the prohibition against ex post facto laws. Because he was convicted of an offense which continued after the July 1, 1988 effective date of the permitted guideline ranges,[3] use of this range does not violate that prohibition.
Accordingly, the decision of the Fourth District Court of Appeal is quashed. On remand, Puffinberger may be sentenced within either the recommended or permitted guideline ranges in accordance with Florida Rules of Criminal Procedure 3.701(d)(8) and 3.988(d).
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and HARDING, JJ., concur.
NOTES
[1] Weems v. State, 469 So.2d 128 (Fla. 1985).
[2] To the extent it can be read to be inconsistent with this decision, we recede from our decision in Burke v. State, 483 So.2d 404, 405 (Fla. 1985), in which we stated simply that juvenile dispositions that are the equivalent of adult convictions may support a deviation from the guidelines. Cf. Tillman v. State, 525 So.2d 862, 864 (Fla. 1988) (holding extensive juvenile record valid reason for departure).
[3] Florida Rules of Criminal Procedure, 522 So.2d 374 (Fla. 1988); Ch. 88-131, § 1, Laws of Fla.