DIAMANTIS, Judge.
We vacate Edward Richardson’s sentence for possession of cocaine and remand for resentencing on the authority of State v. Davis, 630 So.2d 1059 (Fla.1994); however, because the trial court did not realize that it was imposing a departure sentence, on remand the court may impose a departure sentence as long as proper contemporaneous written reasons are provided. See State v. Betancourt, 552 So.2d 1107, 1108 (Fla.1989); Hicks v. State, 640 So.2d 1221, 1222 (Fla. 5th DCA 1994).[1]
Convictions AFFIRMED; sentence VACATED; cause REMANDED.
COBB and GOSHORN, JJ., concur.

. We note that the trial court also ordered Richardson to pay $60 to First Step of Volusia County without citing any statutory authority for the imposition of this cost item. On remand, this matter should be corrected. See Tibero v. State, 646 So.2d 213 (Fla. 5th DCA 1994) (en banc). See also Craig v. State, 643 So.2d 50 (Fla. 5th DCA 1994).