CONFESSION OF ERROR

PER CURIAM.
Ray Pulles appeals an order denying his motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse.
At the original sentencing for defendant Pulles, the guidelines scoresheet indicated that the maximum of the permitted range was 27 years. The trial court imposed a 27 year sentence on each of the two counts on which defendant had been convicted.
By Rule 3.800(a) motion, defendant asserts, and the State concedes, that there are scoresheet errors which reduce the permitted range by one cell, so that the maximum of the permitted range is 22 years. The State concedes that the scoresheet must be corrected and defendant must be resentenced.
At the original sentencing the State pointed out that the defendant had an extensive unscoreable prior juvenile record. A significant unscoreable juvenile record can be a proper reason for a departure sentence. Puffinberger v. State, 581 So.2d 897, 899 (Fla.1991). Operating on the assumption that a 27 year sentence was within the permitted range, the trial court announced that it would stay within the guidelines. The court then imposed the 27 year sentence.
“[Bjecause the trial court did not realize .that it was imposing a departure sentence, on remand the court may impose a departure sentence as long as proper contemporaneous written reasons are provided.” See State v. Betancourt, 552 So.2d 1107, 1108 (Fla.1989); Hicks v. State, 640 So.2d 1221, 1222 (Fla. 5th DCA 1994).” Richardson v. State, 646 So.2d 303, 303 (Fla. 5th DCA 1994) (footnote omitted).
The order under review is reversed and the cause remanded for resentencing.