*1130 ON MOTION FOR REHEARING
PER CURIAM.
We deny Appellant’s motion for rehearing but withdraw our opinion of May 6,1998, and substitute the following opinion:
We affirm an order denying Appellant’s motion for post-conviction relief under rule 3.800(a). Appellant was convicted of one count of attempted burglary with a battery. He was sentenced as a habitual offender to 30 years imprisonment. The date of his crime was October 27, 1990. He claims that his sentence exceeds the statutory maximum for a third-degree felony. However, Appellant was convicted of attempted burglary with a battery, a second-degree felony, and was sentenced as a habitual offender. Since his crime occurred on October 27, 1990, the 1989 statutes apply to his sentence.
Section 810.02(2)(a), Florida Statutes (1989), provides that a burglary is a first-degree felony if, during the course of the crime, the defendant makes an assault or battery upon any person. Pursuant to section 777.04(4)(b), Florida Statutes, an attempted first-degree felony is a second-degree felony. The applicable habitual offender statute further provided for a maximum term of 30 years for second-degree felonies. Fla. Stat. § 775.084(4)(a)2 (1989).
In Tillman v. State, 525 So.2d 862 (Fla.1988), the supreme court considered a departure sentence imposed under the 1985 statutes for attempted burglary of a conveyance with an assault or battery. The court stated that absent the departure:
the statutory maximum of fifteen years ... [would have been increased] to thirty years, the enhanced statutory maximum allowed under the habitual offender statute. ...
Id. at 863. Appellant, like the defendant in Tillman, faced a maximum sentence as a habitual offender of 30 years and that is what he received.
STONE, C.J., and DELL and FARMER, JJ., concur.