678 So.2d 1374 (1996)
Joel Vincent SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1637.
District Court of Appeal of Florida, Fourth District.
September 4, 1996.
Richard L. Jorandby, Public Defender, and Karen E. Ehrlich, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, Judge.
Appellant, Joel Vincent Smith, was charged with, tried by a jury, and found guilty of attempted second degree murder with a firearm and possession of cocaine with intent to sell. Appellant raises two points on appeal. He first contends that the trial court erred at sentencing in relying on an improperly calculated scoresheet and further erred in relying on appellant's juvenile dispositions as justification for the imposition of an upward sentence. We reverse the trial court's imposition of an upward departure sentence *1375 and remand for resentencing because of the improperly calculated scoresheet.
At the sentencing hearing, appellant's juvenile commitments entered into evidence consisted of the following:
(1) possession of a short-barrel shotgun (1990).
(2) aggravated assault (1990).
(3) possession of a firearm by a convicted felon (1990).
(4) shooting into an occupied dwelling (1990).
(5) resisting an officer without violence (1990).
(6) improper display of a dangerous weapon (1990).
As adult priors, the state introduced into evidence the following:
(1) possession of cocaine (1992).
(2) battery (1992).
(3) fleeing and eluding a police officer (1992).
(4) driving with a suspended license (1992).
In Puffinberger v. State, 581 So.2d 897 (Fla.1991), the Florida Supreme Court held that a trial court could consider a nonscoreable juvenile record as a reason for departure only if the record is "significant." In providing some guidance to the trial courts as to the meaning of the term "significant," the court stated in pertinent part as follows:
In determining whether a juvenile record is significant, the sentencing court should examine not only the number of juvenile dispositions that are the equivalent of adult convictions, but also the nature and seriousness of the underlying offenses. In other words, an unscored juvenile record is significant for departure purposes if the record is extensive or serious, or if the number and nature of the dispositions, when considered in combination, amount to a significant record under the circumstances.
Further, we agree with the Third District Court of Appeal in Walker v. State, 519 So.2d 1105 (Fla. 3d DCA 1988), that a juvenile record should serve as a basis for departure only where the resulting departure sentence is no greater than that which the defendant would have received had the juvenile offenses been scored. Id. at 1105 n. 1. Therefore, if the use of a juvenile record results in a sentence greater than that which the defendant would have received had the offenses been scored, the reason is per se invalid.
Accordingly, we hold that a nonscoreable juvenile record may be considered as a reason for departure only to the extent it contains dispositions that are the equivalent of adult convictions and only if the record is significant and the resulting departure sentence is no greater than that which the defendant would have received if the record had been scored. (footnote omitted).
Id. at 899-900.
Although we consider the juvenile record of the appellant to be "significant" under the Puffinberger test, the second requirement under Puffinberger was not met because the juvenile record, if scored, would have resulted in a sentence less than the sentence actually imposed by the trial court.
Further, in this case, the trial court made it abundantly clear that it was not departing from the guidelines merely because of the appellant's juvenile record, but rather because of his escalating pattern of criminal conduct as well. After the conclusion of all of the evidence presented by the parties, the trial court set forth its reasoning for the departure:
The court having considered the facts and circumstances surrounding this defendant, no legal cause having been shown.
The court finding from a preponderance of the evidence submitted including, but not limited to, the prior record of this defendant, including offenses for which adjudication was withheld, as well as the current criminal offense for which the defendantor offenses for which the defendant is being sentenced, indicate an escalating pattern of criminal conduct evidenced by both a progression of non-violent to violent crimes, and while many of the previous were violent in nature, the attempted first-degree murder as we *1376 have in this caseI beg your pardon, the second-degree murder being certainly more violent than the previous crimes; together with a pattern of increasingly serious criminal activity.
Clearly, the court stating for the record, the prior criminal history as included in the PSI, not objected to by Defense, including possession of a short-barrel shotgun and I read these in chronological order, the convictions.
Aggravated assault.
Possession of a gun by convicted felon.
Possession of cocaine with intent to sell.
Battery.
Attempt to elude a police officer, as well as the judgments and sentences entered into evidence by the State which were not reflected on that prior criminal history which include violations of community control, resisting an officer without violence, improper display of a dangerous weapon, violation of community controlshooting into an occupied dwelling.
Further, the court clearly finds by a preponderance of the evidence that there is an extensive unscoreable juvenile history.
In State v. Darrisaw, 660 So.2d 269 (Fla. 1995), the Florida Supreme Court in determining whether a pattern of escalating conduct could be proved by the commission of offenses which were not of a related nature nor committed in close temporal proximity, but were of increasing seriousness, held that:
If the offenses meet the definition of "escalating," then the "pattern" requirement can be satisfied either where the offenses are committed in temporal proximity or where there is a similarity of offenses. Such an interpretation of the statute is consistent with the purpose and intent of the sentencing guidelines, namely "to eliminate unwarranted variation in the sentencing process by reducing the subjectivity in interpreting specific offense-related and offender-related criteria and in defining their relative importance in the sentencing decision." Fla.R.Crim.P. 3.701(b).
660 So.2d at 271 (emphasis added).
Under Darrisaw, it strains logic to hold that appellant's prior offenses are either in temporal proximity or are similar to the present conviction to warrant departure. Appellant's prior record beginning in 1990, including his juvenile and adult record, appears to have de-escalated from violent to non-violent, and to violent again. Further, while the crimes do not seem to be in temporal proximity since appellant's last offense was in 1992, the offenses are also dissimilar to the present offense. Although some of appellant's offenses concerned the use of a firearm, none are similar in nature to attempted murder. Thus, while the "escalating" requirement has been satisfied, the "pattern" requirement has not. Accordingly, the record does not support this basis for departure. We are therefore compelled to reverse the upward departure sentence imposed by the trial court.
At sentencing, the trial court, in relying on the scoresheet prepared for the case, scored the primary offense, attempted second degree murder with a firearm, as a level eight offense, rather than a level seven offense. Appellee, the State, concedes error but suggests that the error did not affect appellant's sentence, and was therefore harmless.
However, because the trial court might have imposed a different sentence if it had a correctly computed scoresheet, appellant's sentence must be vacated. See Zeigler v. State, 647 So.2d 272 (Fla. 4th DCA 1994). In accord with Dawson v. State, 532 So.2d 89 (Fla. 4th DCA 1988), we hold that the "trial court must have the benefit of a properly prepared scoresheet before it can make a fully informed decision on whether to depart from the recommended guideline sentence." See also Davis v. State, 493 So.2d 82 (Fla. 1st DCA 1986).
Reversed and remanded for resentencing.
GLICKSTEIN and POLEN, JJ., concur.