PER CURIAM.
We affirm the points raised by appellant relating to his conviction, but reverse and remand for resentencing as the trial court erred in basing a departure sentence on an escalating pattern of criminal conduct where no pattern was shown. Appellant was convicted of attempted second degree murder with a firearm. The trial court departed from the guidelines sentencing range based on section 921.001(8), Florida Statutes (1993).
In State v. Darrisaw, 660 So.2d 269 (Fla.1995), the supreme court explained:
Section 921.001(8) speaks in terms of both an increase in the offenses (“escalating”) and some recurring feature of the offenses (“pattern”). If the offenses meet the definition of “escalating,” then the “pattern” requirement can be satisfied either where the offenses are committed in temporal proximity or where there is a similarity of offenses.
Id. at 271. Because appellant’s previous crimes were nonviolent and the instant offense was violent, the trial court found that appellant evidenced a progression from nonviolent to violent crimes and therefore concluded that there was an escalating pattern of criminal conduct. The trial court determined that appellant’s previous crimes “stretched out” and that these crimes could not be considered temporally proximate so as to be a basis for departure. However, the court did not make any findings as to similarity of offenses.
The prior offenses relied upon by the state to show an escalating pattern of criminal conduct are not similar to the instant offense. They consist of convictions for various property crimes, a drug conviction, and a conviction for carrying a concealed weapon. We conclude that appellant’s conduct does not fit the “pattern” requirement of section 921.001(8). See Darrisaw, 660 So.2d at 271; Smith v. State, 678 So.2d 1374, 1376 (Fla. 4th DCA 1996). We therefore reverse and remand for resentencing within the guidelines.
STONE, WARNER and STEVENSON, JJ., concur.