PER CURIAM.
We affirm the upward departure sentence on the ground that the record demonstrates an “escalating pattern of criminal conduct” within the meaning of section 921.001(8), Florida Statutes (1995). Such a pattern may be established by a “pattern of increasingly serious criminal activity.” Id. In Barfield v. State, 594 So.2d 259, 261 (Fla.1992), the supreme court held that increasingly serious criminal activity “is indicated when the current charge involves an increase in either the degree of crime or the sentence which may be imposed, when compared with the defendant’s previous offenses.” State v. Darrisaw, 660 So.2d 269, 271 (Fla.1995), held that a section 921.001(8) upward departure *922 requires both an increase in the seriousness of the offenses (“escalating”) and some recurring feature of the crimes (“pattern”). The court went on to state that
[I]f the offenses meet the definition of “escalating,” then the “pattern” requirement can be satisfied either where the offenses are committed in temporal proximity or where there is a similarity of offenses.
Id. (Emphasis in original).
There is an “escalation” of offenses in this case. Appellant was convicted of a third degree felony in 1989, a second degree felony in 1993, and the current offense is a first degree felony. The “pattern” requirement is also met because there is a similarity of offenses; they all involved cocaine as the contraband. Additionally, the “pattern” requirement is also met by the temporal proximity of the crimes, which were committed in 1989, 1993 and 1994. See Scott v. State, 692 So.2d 1017 (Fla. 4th DCA 1997).
As the state concedes, the special condition of probation to pay for random urinalysis must be stricken, sinee that condition was not orally pronounced at sentencing. See State v. Hart, 668 So.2d 589 (Fla.1996).
The judgment and sentence are affirmed in all respects except that the special condition of probation requiring appellant to pay for random urinalysis is stricken.
WARNER, SHAHOOD and GROSS, JJ., concur.