704 So.2d 1078 (1997)
Theodus JENNINGS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3043.
District Court of Appeal of Florida, Fourth District.
December 24, 1997.
Richard L. Jorandby, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, Judge.
The appellant was convicted of attempted second degree murder with a firearm, in violation of sections 777.04(1) and 782.04(2), Florida Statutes (1995), and robbery with a firearm, in violation of section 812.13(2)(a), Florida Statutes (1995). On the basis of the *1079 appellant's criminal record, the trial court departed from the recommended sentencing range and sentenced the appellant to forty years in state prison for each count, with three-year minimum mandatories for use of a firearm, and the sentences to run concurrently. The appellant challenges the trial court's departure from the sentencing guidelines. We find no error in the departure grounds and affirm as to that issue but quash and remand the sentence for attempted second degree murder for entry of a legal sentence.
The appellant first contends that his criminal history did not constitute an escalating pattern of criminal conduct.[1] We find that appellant's one offense in 1993 and five offenses in 1994, followed by the instant offenses occurring in July of 1995, show sufficient temporal proximity to justify the pattern requirement of State v. Darrisaw, 660 So.2d 269 (Fla.1995). The 1995 offenses were committed just five months after appellant was sentenced for a violation of probation on one of his other charges and only ten months from the commission of his last offense.
While in State v. Jones, 530 So.2d 53 (Fla. 1988), receded from on other grounds, Barfield v. State, 594 So.2d 259 (Fla.1992), the supreme court determined that Jones' commission of a new crime within a year after his release from prison on a prior offense did not constitute temporal proximity, the point of the court was that Jones' record did not establish a pattern of criminal activity. It contrasted Jones' record with that of the record in Williams v. State, 484 So.2d 71 (Fla. 1st DCA 1986), which showed frequent and continuing contacts with the criminal justice system. The record of the appellant in the instant case is more like the record in Williams than the record in Jones.
The appellant also likens this case to Smith v. State, 678 So.2d 1374 (Fla. 4th DCA 1996), in which we reversed because we found that the prior convictions in that case were neither similar nor in temporal proximity. However, in that case, although we are not favored in the opinion with the date of the commission of the offense for which the defendant was being sentenced, it appears that the offense for which he was sentenced in 1995 was not in temporal proximity to the offenses committed in 1992. Here, the offenses are within months, not years, of each other. Thus, we find that the temporal proximity prong of Darrisaw is met.
His second challenge to the departure sentence is that while it is permissible to depart based on non-scoreable juvenile offenses, the departure must be limited to what the guidelines score would have been had all of the juvenile offenses been scored as adult sanctions. See Puffinberger v. State, 581 So.2d 897, 899-900 (Fla.1991). Although a non-scoreable juvenile record, standing alone, may not be used as a basis to depart beyond the maximum guideline score, where that record indicates an escalating pattern of criminal activity, then the trial court can depart from the sentencing guidelines up to the statutory maximum sentence. See Velez v. State, 596 So.2d 1197, 1200 (Fla. 3d DCA 1992). The fact that all of the offenses which comprised the pattern of criminal activity were juvenile offenses is immaterial. See id.; see also Simmons v. State, 570 So.2d 1383 (Fla. 5th DCA 1990).
We agree with the appellant, however, that the forty year sentence for attempted second degree murder with a firearm is illegal, as the statutory maximum sentence is thirty years. See § 775.082(3)(b), Florida Statutes (1995). An illegal sentence is fundamental error which a defendant may appeal, even in the absence of a contemporaneous objection at trial. See Davis v. State, 661 So.2d 1193, 1196 (Fla. 1995); § 924.051(3), Fla. Stat. (Supp.1996).
We need not address the appellant's contention that the trial court erred by failing to reduce its decision to impose juvenile sanctions to writing since it was not preserved for appeal. Since the appellant was sentenced on August 30, 1996, the amendments to Florida Rule of Criminal Procedure *1080 3.800 apply. See Amendments to Florida Rule of Appellate Procedure 9.020(g) and Florida Rule of Criminal Procedure 3.800, 675 So.2d 1374, 1375 (Fla.1996) (effective date of July 1,1996). Florida Rule of Appellate Procedure 9.140(d) provides that a sentencing error may not be raised on appeal unless the defendant brought the error to the attention of the trial court, either by contemporaneously objecting at sentencing or by filing a 3.800(b) motion to correct the sentencing error within thirty days of the rendition of the sentence. Since the appellant did neither in the present case, he waived his appeal as to this issue. See Fla.R.App.P. 9.140(d); Middleton v. State, 689 So.2d 304, 305-06 (Fla. 1st DCA 1997).
We affirm the convictions for both criminal offenses and the sentence for armed robbery, but we quash the sentence for attempted second degree murder and remand for entry of a legal sentence.
Affirmed in part. Quash sentence for attempted second degree murder. Remand for resentencing.
STEVENSON, J., and PARIENTE, BARBARA J., Associate Judge, concur.
NOTES
[1] Contrary to the state's contention, this issue is preserved, because the appellant objected at the sentencing hearing that the prior record did not constitute an escalating pattern of criminal activity nor was it in temporal proximity. In fact, some of the same cases cited by the appellant in his brief were discussed by the trial court at sentencing.