SHAHOOD, Judge.
Appellant, Johnnie Hogan, appeals from his sentence to life imprisonment with a three-year mandatory minimum for second degree murder with a firearm and a concurrent sentence of fifteen years in prison for possession of a firearm by a convicted felon. The sole issue raised by appellant in this appeal is whether the trial court erred in departing from the sentencing guidelines by imposing a life sentence for appellant’s conviction of second degree murder. We affirm appellant’s upward departure sentence.
Appellant was charged with first degree murder in count I and possession of a firearm by a convicted felon in count II. The trial court granted appellant’s motion to sev *958 er the two counts and appellant was first tried by jury on the charge of first degree murder. Appellant was found guilty by the jury of the lesser included offense of murder in the second degree. Further, the jury specifically found that during the commission of the crime, appellant possessed a firearm. As a result, appellant entered a plea of no contest to count II, possession of a firearm by a convicted felon. The state then filed its notice of intent to seek enhanced penalties under the habitual offender statute, section 775.084, Florida Statutes.
Appellant’s sentencing guidelines score-sheet provided for a recommended sentence of 228.6 months, 19$ years, in Florida State Prison, with a sentencing range of 171.4 months (14.3 years) to 285.7 months (23.9 years) in prison. The trial court adjudicated appellant guilty of second degree murder with a firearm and possession of a firearm by a convicted felon.
At the sentencing hearing, the state requested that appellant be sentenced as an habitual offender or that the trial court enter a sentence departing from the guidelines. Among the grounds argued for departure under section 921.0016, Florida Statutes, the state argued that under subsection 921.0016(3)(p), appellant was not amenable to rehabilitation or supervision as evidenced by an escalating pattern of criminal conduct as described in Florida Statutes. In support thereof, the state recited appellant’s past adult criminal history into the record. The state also pointed out that appellant had four past violations of probation. Appellant had nine prior misdemeanor convictions for crimes such as: theft, resisting a merchant, resisting arrest without violence, disorderly conduct, battery and failure to appear.
In 1988, appellant was convicted of his first felony offense of grand theft, a third degree felony. In July, October and December 1989, appellant was again convicted of misdemeanor theft. In 1990, appellant was convicted of burglary of a conveyance and grand theft, both third degree felonies. Appellant then violated his probation and community control. In 1991, appellant was convicted of carrying a concealed firearm and possession of a firearm by a convicted felon, both third degree felonies. Thereafter, from 1993 through 1994, appellant’s additional prior offenses included misdemeanor convictions for possession of marijuana under 20 grams, disorderly intoxication, contempt of court and DUI.
Based on the above priors, the state argued the following:
Your Honor, based on the escalating pattern here we have an individual, at least as far as the felonies are concerned, who has gone from non-violent to violent. He’s also gone from third degree felonies now to a life felony as Your Honor has determined — where actually there is one second degree felony, the possession of a firearm by a convicted felon. Has gone from misdemeanors to F3’s to F2’s and to a life felony. The State believes that this is a valid reason to exceed the guidelines ...
In response, appellant’s attorney argued:
... With regards to the escalating pattern of criminal activity I’d submit to the Court, I believe there’s a recent Supreme Court case and I want to say it’s Darosol (phonetic) [sic] off the top of my head. And I think that [Darrisaw ] addresses the temporal proximity of crimes committed by a Defendant in this escalating pattern of criminal activity. And again I’d submit to the Court that according to the record that both the State and I have in front of us the last felony conviction that ... Appellant had was in 1991. And those were essentially victimless crimes. That crime— those crimes being carrying a concealed firearm and possession of a firearm by a convicted felon. Those crimes both occurred on 3/1/91, at least that’s what the disposition reflects, perhaps it’s a little bit late to question that, but I — I would question why he received convictions for carrying a concealed firearm and possession of a firearm by a convicted felon at the same time since the possession of the firearm by the convicted felon appears to be sub-soon — I mean the carrying a concealed firearm seems to be [subsumed] in the offense of possession of a firearm by a convicted felon. Nevertheless, I don’t think you have an adequate temporal proximity here to justify an upward departure *959 in the guidelines. Again at best you have someone who had committed a number of misdemeanor offenses, very few, if any of the offenses involve any — any violence or force.
In departing from the guidelines on grounds that the “Defendant is not amenable to rehabilitation or supervision as evidence by an escalating pattern of criminal conduct as described in s. 921.001(8)” the court reasoned:
... I think the facts here are significantly different [from Darrisaw ]. I’m looking at an adult record here that is quite extensive and quite frankly other than first degree murder there — there isn’t anything more violent than second degree murder. I do think that he qualifies under 921.001 subsection (8), an escalating pattern of criminal conduct may be evidenced by a progression from non-violent to violent crimes, but also a progression of increasingly violent crimes or a pattern of increasingly serious criminal activity. Now I don’t believe that I’m required to itemize that point by point on the record by reading out loud the adult prior history, as well as the juvenile prior history. But it’s all here laid out in — in the prior record in the PSI. I am taking judicial notice of that and I do think that he qualifies and I will exceed the guidelines based on the extensive— excuse me, based on the fact that I just mentioned that he has shown that he is not amenable to rehabilitation or supervision as evidenced by an escalating pattern of criminal conduct as defined in 921.001 subsection (8) and I am contemporaneously checking off that box on the form departure reasons here and will staple it to the guidelines score sheet.
Based on such finding, the trial court sentenced appellant on count I, second degree murder with a firearm, to life in prison with a three-year mandatory minimum, and on count two, possession of a firearm by a convicted felon, to fifteen years in prison without a mandatory minimum, to run concurrently.
We affirm the upward departure sentence on the ground that the record demonstrates an “escalating pattern of criminal conduct” within the meaning of section 921.001(8), Florida Statutes (1995).
Section 921.001(8), provides as follows:
(8) A sentence may be imposed outside the [sentencing] guidelines based on credible facts, proven by a preponderance of the evidence, which demonstrate that the defendant’s prior record, including offenses for which adjudication was withheld and the current criminal offense for which the defendant is being sentenced, indicate an escalating pattern of criminal conduct. The escalating pattern of criminal conduct may be evidenced by a progression from nonviolent to violent crimes, a progression of increasingly violent crimes, or a pattern of increasingly serious criminal activity.
(Emphasis added).
In Barfield v. State, 594 So.2d 259, 261 (Fla.1992), the Florida Supreme Court explained that the third category under section 921.001(8), “a pattern of increasingly serious criminal activity” is indicated when the current charge involves an increase in either the degree of crime or the sentence which may be imposed, when compared with the defendant’s previous offenses. In State v. Darrisaw, 660 So.2d 269, 271 (Fla.1995), the Florida Supreme Court held that a section 921.001(8) upward departure requires both an increase in the seriousness of the offenses and some recurring feature of the crime. See also Davis v. State, 695 So.2d 921 (Fla. 4th DCA 1997).
Section 921.001(8) speaks in terms of both an increase in the offenses (“escalating”) and some recurring feature of the offenses (“pattern”). If the offenses meet the definition of “escalating,” then the “pattern” requirement can be satisfied either where the offenses are committed in temporal proximity or where there is a similarity of offenses.
(Emphasis in original) 660 So.2d at 271. The Darrisaw court concluded that while Dam-saw’s offenses met the definition of “escalating” because they increased from nonviolent to violent crimes and from misdemeanors to felonies, there was no “pattern” because the crimes were neither temporally related nor similar in nature. See id. at 271.
*960 In upholding appellant’s upward departure sentence, we recognize this court’s decisions in Smith v. State, 678 So.2d 1374 (Fla. 4th DCA 1996) and Lorenzana v. State, 685 So.2d 978 (Fla. 4th DCA 1997), which reversed appellants’ upward departure sentences.
In Smith, we held that while the “escalating” requirement had been satisfied, the “pattern” requirement had not. 678 So.2d at 1376. In that case, we held that appellant’s prior crimes were not in temporal proximity since his last offense was in 1992, and that while some of his offenses concerned the use of a firearm, none were similar to the present offense of attempted second degree murder with a firearm. See id.
In Lorenzana v. State, 685 So.2d 978 (Fla. 4th DCA 1997), we reversed appellant’s upward departure sentence holding that while the “escalating” requirement was met due to appellant’s progression from nonviolent to violent crimes, the “pattern” requirement had not been met. This court upheld that trial court’s finding that temporal proximity had not been satisfied because appellant’s previous crimes “stretched out”; however, it did not mention the time frame in which those offenses were committed. Further, since the trial court did not make any findings as to similarity of offense, this court held that the appellant’s conduct did not fit the “pattern” requirement since his prior offenses of property crimes, drug conviction and carrying a concealed weapon were not similar to the instant offense of attempted second-degree murder with a firearm.
In this ease, there was clearly a persistent pattern of criminal activity with an “escalating” progression from nonviolent to violent felonies and a pattern of increasingly serious criminal activity. Appellant was convicted of a third degree felony in 1988, two third degree felonies in 1990, two third degree felonies in 1991, and the two current offenses, a second degree felony and a life felony, in 1995.
Unlike the above cases, the “pattern” requirement was met because of the temporal proximity of the crimes, which were committed in 1988, 1990, 1990, 1991, 1991, and this case in 1995. In addition, appellant continued on his path of crime by committing misdemeanors in 1993 and 1994. See Jennings v. State, 704 So.2d 1078 (Fla. 4th DCA 1997)(frequent and continuing contacts with criminal justice system contributes to temporal proximity); Davis v. State, 695 So.2d 921 (Fla. 4th DCA 1997)(“pattern” requirement met by the temporal proximity of crimes, which were 1989, 1993 and 1994). While there is a similarity of offenses, i.e. possession of a firearm by a convicted felon, carrying a concealed firearm and murder in the second degree (with a firearm), in that appellant’s offenses were not only increasing in seriousness, but involved the use of a firearm, we are constrained by Smith to find that appellant’s pattern of criminal conduct is not similar to the instant offense. Notwithstanding the above, under Darrisaw, “the ‘pattern’ requirement can be satisfied either where the offenses are committed in temporal proximity or where there is a similarity of offenses.” 660 So.2d at 271. Accordingly, we affirm appellant’s upward departure sentence.
AFFIRMED.
STONE and WARNER, JJ., concur.