723 So.2d 905 (1999)
Daniel GAMBLE, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3403.
District Court of Appeal of Florida, Fifth District.
January 8, 1999.
*906 James B. Gibson, Public Defender, and Lyle Hitchens, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, J.
Daniel Gamble pled nolo contendere to armed trafficking in cocaine[1], carrying a concealed firearm[2], and aggravated fleeing or attempting to elude a law enforcement officer.[3] He appeals his sentence arguing the trial court erred in ranking his conviction for armed trafficking in cocaine as a level ten offense. Mr. Gamble's armed trafficking conviction should have been ranked as a level seven offense and therefore we vacate his sentence and remand this matter for resentencing.
Section 775.087, Florida Statutes (1993), provides that when a defendant displays, uses, threatens, or attempts to use a weapon or firearm during the commission of a first degree felony, the crime shall be reclassified as a life felony. Thus, Mr. Gamble's armed trafficking conviction is a life felony. Section 921.0013(5), Florida Statute (1993), provides that any life felony not listed in the offense severity ranking chart should be scored as a level ten offense. "Armed trafficking in cocaine" is not listed on the offense severity ranking chart; however, "trafficking in cocaine"[4] is listed in the chart and ranked as a level seven offense. See § 921.0012, Fla. Stat. (Supp.1994).
At sentencing, the trial court scored Mr. Gamble's conviction as a level ten offense, holding that section 921.0013(5), Florida Statutes (1993), applied because the crime of "armed trafficking in cocaine" is not listed in the offense severity ranking chart. Mr. Gamble objected, arguing that the statutory enhancement for possessing a weapon does not make the crime of trafficking in cocaine "unlisted" for the purpose of section 921.0013; therefore, his conviction should have been scored as a level seven offense pursuant to section 921.0012. The trial court overruled this objection.
Mr. Gamble committed his crimes on December 27, 1994. Subsequent to this date, our legislature and our supreme court both addressed the issue raised here by Mr. Gamble. First, effective October 1, 1995, section 775.087 was amended as follows:

*907 For purposes of sentencing under chapter 921 and determining incentive gain-time eligibility under chapter 944, a felony offense which is reclassified under this section is ranked one level above the ranking under s. 921.0012 or s. 921.0013 of the felony offense committed.
§ 775.087, Fla. Stat. (1995). Second, effective October 1, 1996, rule 3.703(c)(2) of the Florida Rules of Criminal Procedure was amended to provide: "An offense does not become unlisted and subject to the provisions of section 921.0013, because of a reclassification of the degree of felony pursuant to section 775.0845, section 775.087, section 775.0875 or section 794.023." See Amendments to Florida Rules of Criminal Procedure re: Sentencing Guidelines, 685 So.2d 1213,1214 (Fla.1996). In the opinion adopting this revision, our supreme court explained that enhancement statutes do not "unlist" the crimes for the purposes of determining the applicable offense severity ranking. Id.
Although Mr. Gamble committed this crime prior to the enactment of the amendments to section 775.087 and rule 3.703(c)(2), our courts have a duty to consider subsequent legislation in arriving at a correct interpretation of a prior statute. See Ducharme v. State, 690 So.2d 1358, 1360 (Fla. 2d DCA 1997) (citing Ivey v. Chicago Ins. Co., 410 So.2d 494, 497 (Fla.1982)). The amendment to Florida Rule of Criminal Procedure 3.703 makes it clear that the penalty enhancement in section 775.087 does not make a crime "unlisted" for the purposes of determining the applicable offense severity ranking. Therefore, the trial court should have ranked Mr. Gamble's armed trafficking conviction as a level seven offense. Accordingly, Mr. Gamble is entitled to be resentenced with a corrected scoresheet. See Goodwin v. State, 600 So.2d 1310 (Fla. 5th DCA 1992).
JUDGMENTS AFFIRMED; SENTENCES VACATED; and CAUSE REMANDED FOR RESENTENCING.
DAUKSCH and GOSHORN, JJ., concur.
NOTES
[1] §§ 893.135(1)(b) 1.a., 775.087(1), Fla. Stat. (1993).
[2] § 790.01(2), Fla. Stat. (1993).
[3] § 316.1935, Fla. Stat. (1993).
[4] § 893.135(1)(b) 1.a., Fla. Stat. (1993).