PER CURIAM.
Allen petitions for a writ of habeas corpus seeking a belated appeal. He argues his appellate counsel was ineffective for having failed to argue on appeal that the trial court illegally enhanced[1] his conviction for second degree-murder with a firearm to a life felony. We find no merit or support for Allen’s argument. See Hogan v. State, 719 So.2d 957 (Fla. 4th DCA 1998). Further this petition is improper because it is successive to Allen’s direct appeal[2] and his prior motion filed pursuant to Florida Rule of Appellate Procedure 3.850,[3] both of which sought to attack his sentence.
Petition for Writ of Habeas Corpus DENIED.
GRIFFIN., CJ., W. SHARP, and GOSHORN, JJ., concur.

.Section 775.087(1), Florida Statutes (1991) provides:
Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm ... the felony for which the person is charged shall be reclassified as follows:
(a) In the case of a felony of the first degree, to a life felony....

. This court affirmed without opinion. Allen v. State, 642 So.2d 764 (Fla. 5th DCA 1994).

. This court affirmed a summary denial. Allen v. State, 667 So.2d 788 (Fla. 5th DCA 1996).