784 So.2d 524 (2001)
Brodley S. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-3138.
District Court of Appeal of Florida, Fourth District.
April 25, 2001.
Rehearing Denied May 15, 2001.
Carey Haughwout, Public Defender, and Benjamin W. Maserang, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Bart Schneider, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
Appellant, Brodley S. Williams, appeals his judgment and sentence on the charge of attempted second degree murder with a firearm. Finding no error in the trial court sentencing appellant based on a scoresheet, scoring attempted second degree murder with a firearm as a level 8 offense rather than a level 7 offense, we affirm.
Appellant argues that since attempted second degree murder with a firearm is not a listed offense in the offense severity ranking chart under section 921.0012, Florida Statutes (Supp.1994), the offense should be scored as an unranked offense under section 921.0013, Florida Statutes (1993). Section 921.0013 provides that unranked offenses which are first degree felonies are ranked within offense level 7. He claims that the firearm enhancement statute, section 775.087(1)(b), makes attempted second degree murder with a firearm an unlisted crime for purposes of determining the applicable offense severity ranking. We reject such argument. Additionally, appellant relies upon this court's decision in Smith v. State, 678 So.2d 1374 (Fla. 4th DCA 1996). In that case, the state conceded that the appellant's conviction for attempted second degree murder with a firearm should have been scored as a level 7 offense, rather than a level 8 offense. However, for the reasons discussed below, we hold that Smith is not binding.
The state argues that attempted second degree murder with a firearm is a first degree felony punishable as a level 8 offense. We agree. Second degree murder under section 782.04(2) is ranked as a level 10 offense under section 921.0012, Florida *525 Statutes (Supp.1994). Section 777.04(4)(a),[1] the attempt statute, and Florida Rule of Criminal Procedure 3.702(d)(6),[2] specifically require that the attempted offense be ranked two severity levels below the severity ranking for the completed crime. Thus, section 777.04(4)(a) and rule 3.702(d)(6) require that attempted second degree murder with a firearm should be scored as a level 8 offense, two levels below the level 10 offense severity ranking for second degree murder.
Clearly, the specific attempt severity ranking provisions contained in section 777.04(4)(a) and rule 3.702(d)(6) demonstrate that the Legislature did not contemplate listing every attempt crime as a ranked offense under section 921.0012. We agree with the state that section 921.0013, which ranks unlisted offenses, is but a catch-all statute for those crimes not listed in section 921.0012 and for those crimes not provided for in any other provision of law. Since attempted second degree murder with a firearm falls within the severity ranking provision of section 777.04(4)(a), section 921.0013 is not implicated.
We reject appellant's argument that section 775.087(1)(b) makes a ranked offense, an unranked offense, because of a statutory enhancement. In reaching such conclusion, we concur with our sister court in Gamble v. State, 723 So.2d 905 (Fla. 5th DCA 1999). In that case, the defendant pled nolo contendere to armed trafficking in cocaine, carrying a concealed firearm, and aggravated fleeing or attempting to elude a law enforcement officer. The trial court ranked his conviction for armed trafficking in cocaine as a level ten offense under section 921.0013 because such offense was not listed in the offense severity ranking chart under section 921.0012. The defendant objected arguing that the statutory enhancement for possessing a weapon did not make the crime of trafficking in cocaine unlisted for purposes of section 921.0012. The trial court overruled his objection.
The Fifth District held that while the defendant committed his crime prior to the enactments of the amendments to section 775.087 and rule 3.703(c)(2)(1995 sentencing guidelines), courts have a duty to consider subsequent legislation in arriving at a correct interpretation of a prior statute. 723 So.2d at 907; see also Barns v. State, 768 So.2d 529, 533 (Fla. 4th DCA 2000)(citing Gay v. Canada Dry Bottling Co. of Fla., 59 So.2d 788, 790 (Fla.1952))(The court has the right and the duty, in arriving at the correct meaning of a prior statute, to consider subsequent legislation.). The court concluded that the amendment to rule 3.703(c)(2) makes it clear that the penalty enhancement statute, section 775.087, does not make a crime "unlisted" for the purposes of determining the applicable offense severity ranking. See id. Although Gamble was decided prior to Heggs v. State, 759 So.2d 620 (Fla.2000), which held the 1995 sentencing guidelines unconstitutional as violative of the single subject rule, it is clear that the Legislature intended that enhancement statutes should not make a crime "unlisted" for purposes of determining the applicable offense severity ranking.
*526 Lastly, we note that while the state in Smith v. State, 678 So.2d 1374 (Fla. 4th DCA 1996), conceded that attempted second degree murder with a firearm should have been scored as a level 7 offense rather than a level 8 offense, the merits of the issue presently before this court were never addressed by the Smith court. Rather, one of the issues on appeal in Smith concerned whether the trial court would have imposed a different sentence if it had a correctly computed scoresheet. The state conceded error, but claimed that the error was harmless. This court vacated the appellant's sentence and remanded for resentencing based on a corrected scoresheet. See id. at 1376. Because Smith did not address the issue at hand, we are not constrained by this court's opinion in Smith, and thus, we affirm.
AFFIRMED.
DELL and GUNTHER, JJ., concur.
NOTES
[1] Section 777.04(4)(a), Florida Statutes (1993), states that "[e]xcept as otherwise provided in s. 921.0012, the offense of criminal attempt ... is ranked on the offense severity ranking chart in s. 921.0012 two levels below the offense attempted ... is, was, or would have been ranked on the offense severity ranking chart."
[2] Rule 3.702(d)(6), Florida Rules of Criminal Procedure (Sentencing Guidelines (1994)), provides that attempts are scored 2 severity levels below the completed offense.