793 So.2d 1072 (2001)
Zach RICHMAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-2950.
District Court of Appeal of Florida, Third District.
August 1, 2001.
Rehearing and Certification Denied September 12, 2001.
Zach Richman, in proper person.
Robert A. Butterworth, Attorney General, for appellee.
Before SCHWARTZ, C.J., and COPE and SORONDO, JJ.
Rehearing En Banc and Certification Denied September 12, 2001.
PER CURIAM.
We affirm the judgment on authority of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
By pro se submission, defendant-appellant Richman claims that his scoresheet contains a scoring error on the primary offense at conviction, attempted second degree murder with a firearm. We reject this claim as the scoresheet is correct on this issue. Second degree murder is a level ten offense, § 921.0012, Fla. Stat. (Supp.1998), which is reduced to a level nine offense as an attempt, § 777.04(4)(a), Fla. Stat. (1997), which is then increased to a level ten offense on account of the use of a firearm. Id. § 775.087.[1]
We distinguish this case from Williams v. State, 784 So.2d 524 (Fla. 4th DCA 2001), where the defendant was convicted for attempted second degree murder and during sentencing the court reduced the severity level by two levels pursuant to section 777 .04(4)(a), Florida Statutes. The version of the Florida Statutes applicable in Williams was the 1993 version which allowed for a two level reduction for an "attempt." The "attempt" statute was *1073 subsequently amended and pursuant to the amended version, the offense level is dropped one level for an attempt. Ch. 95-184, § 14, at 1703-04, Laws of Fla.[2] Two other cases, Franco v. State, 786 So.2d 670 (Fla. 4th DCA 2001), and State v. Wilson, 734 So.2d 521 (Fla. 2d DCA 1999), appear likewise to involve the pre-amended version of the statute, and we distinguish those cases as well.
In 1995, the legislature amended section 775.087, Florida Statutes, to provide that there is a one-level increase for the use of a firearm. Ch. 95-184, § 19, at 1708, Laws of Fla. As stated earlier in this opinion, that provision applies to this defendant.[3]
We note, and distinguish, Degregorio v. State, 750 So.2d 759 (Fla. 2d DCA 2000). There, the defendant's sentence was not increased one level on account of the use of a firearm pursuant to section 775.087(1)(c), Fla. Stat. (1995). Based on a stated crime date of July 3, 1997, the amended version of section 775.087 should have applied to Degregorio. We distinguish the case because that issue apparently was not raised by the parties and was not addressed by the court.
Defendant also argues that he should not have received two consecutive three-year mandatory minimum sentences on account of the use of a firearm. We reject that argument as well. Defendant was convicted of armed burglary of two apartments in the same apartment building. Consecutive mandatory minimum sentences were permissible. Sprow v. State, 639 So.2d 992 (Fla. 3d DCA 1994).
Affirmed.
NOTES
[1] The crime date was July 28, 1998.
[2] Chapter 95-184 was subsequently determined to violate the single subject rule. Heggs v. State, 759 So.2d 620 (Fla.2000). Chapter 95-184 is thus invalid with respect to crimes committed between October 1, 1995 and May 24, 1997. Trapp v. State, 760 So.2d 924, 928 (Fla.2000). The defendant's crime date of July 28, 1998 is after May 24, 1997 so the amended version of the attempt statute, as reflected in paragraph 777.04(4)(c), Florida Statutes (1997), applies to the defendant.
[3] As to the impact of Heggs on the effective date, see note 2 supra.