SHARP, W., J.
Jody Torres appeals from the denial of his motion filed pursuant to Rule 3.800. He seeks resentencing based on Heggs v. State, 759 So.2d 620 (Fla.2000). Although the record in this case is not clear, we conclude he is entitled to have his score-sheet recalculated.
Torres was convicted in 1996 of attempted second-degree murder with a firearm,[1] robbery with a firearm,[2] and-shooting into an occupied motor vehicle.[3] His offenses took place on October 7, 1996. At his sentencing, the attempted murder charge was treated as a level 10 offense (calculated by going down one level for an attempt, and going up one level for the use of a *778 firearm), and he was sentenced to 15 years in prison (180 months) followed by a total of 30 years on probation. He appealed and this court affirmed. Torres v. State, 726 So.2d 860 (Fla. 5th DCA 1999).
In his Rule 3.800 motion, Torres alleges that pursuant to the 1993 version of the statute, an attempt was two levels below a completed crime. See § 777.04, Fla. Stat. The statute under which he was sentenced, Chapter 95-184, changed an attempt to one level below, but was declared unconstitutional in Heggs. Thus, he asserts, the change in the applicable level for an attempt crime from two to one, was invalidated by Heggs and he should have been scored two levels below the completed crime, pursuant to the prior law.
The trial court found that while Torres’ crimes occurred during the “window” period,[4] the sentencing range under the 1994 guidelines would allow the same sentence to be entered as he received in this case. The court attached the original scoresheet showing both the original 1995 scoresheet calculations and the revised 1994 score-sheet calculations. They were:
1995 — range of 146.7-244.5 with median of 195.6
199 — range of 112.2-187.0 with median of 149.6
The court found that since Torres received a sentence of 180 months, it was permissible under the 1994 range, and thus there was no Heggs violation. See Capio v. State, 765 So.2d 853 (Fla. 5th DCA 2000). However, in this ease the DOC did not recompute the scoresheet for 1994 guidelines.
Chapter 95-184, the act found to be unconstitutional, did amend the offense levels for attempts. See Trapp v. State, 760 So.2d 924 (Fla.2000). Specifically, Chapter 95-184 amended section 777.04 to make an attempt one level lower than the completed offense, instead of the 1993 statute which placed an attempt two levels below the completed offense.[5] Thus, it appears Torres’ score for his primary offense would go down from 116 points to 91 points under the 1993 statute. That could reduce his sentence by over two years.
Accordingly, we remand this cause to the trial court, so that it can order the DOC to officially recompute Torres score-sheet utilizing the 1994 guidelines.
REVERSED and REMANDED.
COBB, and SAWAYA, JJ., concur.

. §§ 782.04(2), 775.087(1), Fla. Stats.

. § 812.13, Fla. Stat.

.§ 790.19, Fla. Stat.

. October 1, 1995 to May 24, 1997. See Salters v. State, 758 So.2d 667 (Fla.2000).

. See Richman v. State, 793 So.2d 1072 (Fla. 3d DCA 2001). See also Greene v. State, 714 So.2d 554 (Fla. 2d DCA 1998); Rivera v. State, 718 So.2d 285 (Fla. 4th DCA 1998).