[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**JUNE 22, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 04-11422
Non-Argument Calendar
_____

D.C. Docket No. 02-01610-CV-T-24-MSS

JAMES K. JEWELL,

Petitioner-Appellant,

versus

JAMES CROSBY,
CHARLIE CRIST,
Attorney General of the State of Florida,

Respondents-Appellees.

_____

Appeal from the United States District Court for the
Middle District of Florida

_____

(June 22, 2005)

Before ANDERSON, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

James K. Jewell, a Florida state prisoner proceeding pro se, appeals the district court's denial of his habeas petition, brought pursuant to 28 U.S.C. § 2254.[1]

Jewell was charged with multiple counts, including attempted second-degree murder of a law enforcement officer ("LEO"). At the conclusion of a jury trial, the judge instructed the jury that if they found Jewell guilty of attempted second-degree murder, they then must determine if the offense involved a deadly weapon. The court further instructed that, if the jury found Jewell guilty of a lesser offense of aggravated assault, the jury must determine if the victim was an LEO. The jury convicted Jewell of attempted second-degree murder with a deadly weapon.[2] At sentencing, the court stated that Jewell was convicted of attempted second-degree murder of an LEO, and sentenced Jewell to thirty years imprisonment, which was the maximum statutory sentence for attempted second degree murder with a deadly weapon. The sentence was affirmed on direct appeal.

---

[1] Jewell filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32, 110 Stat. 1214 (1996), and, therefore, the provisions of that act govern this appeal.

[2] The jury verdict indicates that the jury found beyond a reasonable doubt that the offense involved a deadly weapon.

Jewell filed a state Rule 3.800 motion to correct his sentence, claiming that his sentence was enhanced improperly because the victim's LEO status was not determined by a jury beyond a reasonable doubt, as required under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). After a hearing at which the judge admitted his misstatement at sentencing when he said that Jewell had been convicted of attempted second-degree murder of an LEO, the state court denied the Rule 3.800 motion and explained that it would correct the judgment to reflect the proper offense of conviction.

Jewell then filed a pro se § 2254 petition, alleging, inter alia, that his sentence was illegal in light of Apprendi because he received an enhancement for attempted second-degree murder of a LEO, but the LEO element was not found by a jury beyond a reasonable doubt.

The state responded and moved to dismiss on the grounds that, inter alia, there was no Apprendi violation, as Jewell had been convicted of attempted second-degree murder with a deadly weapon and not attempted second-degree murder of an LEO.

The district court denied habeas relief, finding, inter alia, that Apprendi was not retroactively applicable to cases on collateral review. After the district court denied Jewell's request for a certificate of appealability ("COA"), this court

3

granted a COA on the following issue: "[w]hether the district court erred when it found that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), did not apply in this case because of the Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), non retro-activity doctrine?"

On appeal, Jewell argues that the court erred in denying habeas relief because his appeal was not final when Apprendi was decided and the sentencing enhancement that the victim was an LEO was included in the charging document but not submitted to the jury. He further claims that Apprendi was a "watershed rule of criminal procedure" that would be retroactively applicable.

We review de novo a district court's denial of a habeas petition under 28 U.S.C. § 2254. Sims v. Singletary, 155 F.3d 1297, 1304 (11th Cir. 1998). A habeas petition

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Here, the district court erred in finding that the <u>Apprendi</u> claim was barred because Jewell's conviction was not final until after <u>Apprendi</u> issued.[3] Nevertheless, Jewell was not entitled to relief because Jewell was sentenced to 30 years imprisonment, the statutory maximum for attempted second-degree murder with a deadly weapon. Fla. Stat. Ann § 775.082(3)(b); <u>Jennings v. Florida</u>, 704 So.2d 1078 (Fla. Dist. Ct. App. 1997). Therefore, the state court's determination that there was no <u>Apprendi</u> error was not contrary to federal law. <u>Williams v. Taylor</u>, 529 U.S. 362, 405, 120 S.Ct. 1495, 1519, 146 L.Ed.2d 389 (2000). As long as Jewell's sentence did not exceed the thirty-year statutory maximum, there was no <u>Apprendi</u> error.[4] <u>See</u> <u>United States v. Sanchez</u>, 269 F.3d 1250, 1272 (11th Cir. 2001) (en banc).

Because the district court properly denied relief on the merits, this court need not address the state's remaining arguments. Accordingly, we AFFIRM the denial of habeas relief.

---

[3] The state court's decision affirming Jewell's sentence was final when the mandate issued on August 31, 2001. <u>Apprendi</u> was decided in 2000.

[4] To the extent that Jewell may contend that there could be any error under <u>Blakey v. Washington</u>, 542 U.S. –, 125 S.Ct 2531, – L.Ed.2d – (2004), that argument is without merit. <u>Blakely</u> is not retroactively applicable to cases on collateral review. <u>Varela v. United States</u>, slip op. at 8-9 (No. 04-11725) (11th Cir. Feb. 17, 2005).